UNITED SATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

Aug 25   2 18 PM '04

U.S DISTRICT COURT
NEW HAVEN, CONN

RYAN WILLIAMS, TREVOR JOHNSON,          :     CIV. NO. 3:01CV1398(JGM)
NANA OKO DARKO,IRENE COHEN,             :
ALICE HOOD, PATRICIA WILLIAMSON,        :
SHENEANE RAGIN, REGINA WHILBY           :
F. JOSEPH OVIDE, JR., and BENJAMIN OVIDE :

V.                                       :

                                         :
KRISTINE REGALIA, COMMISSIONER           :
CONNECTICUT DEPARTMENT OF                :
CHILDREN AND FAMILIES, DEBRA COLLINS,    :
MARCIA WEAVER, BEVERLY HUBBLEBANK,       :
DOROTHY HAMILTON, MARY SOLERA,           :
JUDITH KALLEN, PHILIPE OBERGON,          :
WANDA ESTRELLA, KATHERINE                :
KOLUMPUS, JANET LA BELLE, JAMES          :
MOORE, GAYLE HOFFMAN, ADRIENNE           :
BARR, LISA DAMOND, CHARLES FRAZIER,      :
RUDOLPH BROOKS, ADA SANCHEZ, TARA        :
LEWIS, LINDA HARRIS, LETITCIA LACOMBA    :
PATRICIA SIMPSON, NANCY WILCOX,          :
JANET LYONS, BERNADETTE ULUSKI, and      :
MICHAEL WOOD, IN THEIR OFFICIAL          :
and INDIVIDUAL CAPACITIES AND THE        :
CONNECTICUT DEPARTMENT OF CHILDREN :           AUGUST 23, 2004
AND FAMILIES

## MEMORANDUM OF LAW IN SUPPORT OF
## OBJECTION TO MOTION TO SEVER

**I.     INTRODUCTION:**

The Plaintiffs in the above entitled matter hereby object to the Defendant's Motion to

Sever. The Plaintiffs are in substantially the same positions as one another, as they are all

employed as social workers for the Connecticut Department of Children and Families. The

Defendants are all substantially in the same positions as one another, as being management for the

Department of Children and Families. The Department of Children and Families is a Defendant in

all the Plaintiffs' claims. In addition, Count 45 of the Amended Complaint applies to all Plaintiffs

against all Defendants, which should preclude the severance of the claims.  Count 45 provides that the Defendants' actions have created a chilling effect across each workplace of the Department of Children and Families, wherein highly disproportional amounts of discipline and verbal harassment are dispensed upon African American employees, the consequences of which create an overwhelming atmosphere of fear designed to discourage African American employees from seeking to improve their position.

## II.    LEGAL STANDARD:

The Court may sever and transfer a claim against one or more defendants where "the administration of justice would be materially advanced" thereby.  This analysis requires the Court to consider: "(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted and (4) whether the party requesting the severance will be prejudiced if it is not granted." German By German v. Fed. Home Mortgage Corp., 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).

## III.    ARGUMENT:

### A.    THE PLAINTIFF SHARE A COMMONALITY IN THE NATURE OF THEIR CLAIMS.

The Defendants misconstrue the nature of the Plaintiffs' claims.  The Defendants attempt to chart the Plaintiffs' claims by Defendant and by location, ignoring the claims of systemic discrimination that the Plaintiffs wish to prove.  Regardless of the location, the Department of Children and Families, acting through their Defendant managers, discriminated against the Plaintiff employees in numerous ways.

Applying the test from above, the Court should not sever the Plaintiffs claims because (1) the issues sought to be tried separately are not significantly different from one another, (2) the separable issues will not necessarily require the testimony of different witnesses and different documentary proof, (3) the Plaintiff will be prejudiced if the Motion to Sever is granted and (4) the Defendant will not be prejudiced if it is not granted.

### (1) THE ISSUES SOUGHT TO BE TRIED SEPARATELY ARE NOT SIGNIFICANTLY DIFFERENT FROM ONE ANOTHER

The issues in the Plaintiffs' cases are not so different from one another as the Defendants make them out to be. The Plaintiffs allege that they, each as employees of the Connecticut Department of Children and Families, were subjected to racial discrimination which was a policy and systematic practice of the Defendant DCF and acted upon by the DCF's agents, the individual Defendants. Although DCF has several locations within the State of Connecticut, the practices within each location do not vary from one another. The atmosphere is fraught with discrimination, intimidation and unequal treatment for its African American employees.

In <u>Patterson v. County of Cook</u> (N.D.Ill 2003), the Court denied the Defendants' Motion to sever in a case involving a group of Sheriff Department employees, both current and former who sued several Sheriffs, supervisors and employees, raising a "host of claims related to discriminatory practices in the Department." The Defendants argued that the Plaintiff's that the Plaintiff's claims were different from one another, so their claims should be severed. The Court disagreed, finding:

> The Plaintiffs' have alleged many categories of behavior that contributed to the hostile work environment: (1) unfair assignments; (2) disproportionate disciplinary action; (3) referring to them in derogatory terms; (4) denying training; (5) refusing to remedy complaints of discrimination; and (6) retaliating against them if they complained about acts of discrimination. Although it is true that the disparate discriminatory acts that each Plaintiff allegedly suffered may be different, courts must be careful not to disaggregate the discriminatory acts in an hostile work

environment claim, because it robs them of their cumulative effect. Berry v. Delta Airlines, Inc., 260 F.3d 803, 811 (7th Cir. 2001). It is the cumulative impact of the discriminatory acts that matters. Rodgers v. Western-Southern Life Ins. Co., 12 F.3d 668, 675 (7th Cir. 1993).

Patterson v. County of Cook, (N.D.Ill 2003) (Attached hereto)

In the case at bar, like Patterson, the Plaintiffs claims are all similar in that they allege discriminatory treatment by the Department of Children and Families, and their cumulative cases help allege a pattern of harassment that would not be the case if the claims were severed. Their claims are sufficiently similar to be joined to one another.

The Defendant argues at length that statistics are not admissible unless they are testified to by an expert. The Plaintiffs are not trying to introduce any "statistics" here... just seven credible witnesses whose stories support one another's.

**(2) THE SEPARABLE ISSUES WILL NOT NECESSARILY REQUIRE THE TESTIMONY OF DIFFERENT WITNESSES AND DIFFERENT DOCUMENTARY PROOF**

The Plaintiffs admit that there may be different witnesses and different documentary proof for some of the Plaintiffs' claims. However, each Plaintiff's testimony will help support the other Plaintiff's claims. Should the cases be severed, and the claims go to seven separate trials, each of the Plaintiffs would be forced to testify seven times, instead of just once. Severing the claims would require an enormous duplication of efforts that would not be present if the claims remain joined.

**(3) THE PLAINTIFF WILL BE PREJUDICED IF THE MOTION TO SEVER IS GRANTED**

The Plaintiffs will be greatly prejudiced if the Motion to Sever is granted. First, the cumulative Plaintiffs' testimony goes to establishing the existence of a racially hostile atmosphere, which is the essence of Count 45 of the Plaintiff's Amended Complaint. Severing the claims will weaken each Plaintiffs' claim.. Secondly, as stated above, severing the claims will require

extensive duplication of efforts and the Plaintiffs will be prejudiced if the Motion to Sever is granted.

### (4) THE DEFENDANT WILL NOT BE PREJUDICED IF IT IS NOT GRANTED

The Defendants, on the other hand, will not be prejudiced if the Motion to Sever is not granted. They have known from the beginning that the Plaintiffs claims are joined. Nothing has changed. The evidence and witnesses that are required are going to be the same whether the Plaintiffs' claims are severed or not.

A jury is unlikely to be confused over the facts of these cases. And the Court will instruct the jury on the application of the law, so there will be no confusion.

The Quaker case, as cited by the Defendants, can be distinguished from the case at bar, in that a jury could be confused over the law in the case. The Court found that severance was appropriate because "legal confusion was also likely because the Plaintiffs had worked for Quaker in six different states." Coleman v. Quaker Oats, 232 F.3d 1271, 1296 (9th Cir. 2000). Obviously, trying to apply six different states' laws to ten Plaintiffs' cases is a great deal more confusing than applying one state's laws.

The Defendants will not be prejudiced if the Court denies the Defendant's Motion to Sever.

## IV.    CONCLUSION:

The Plaintiffs request that the Court deny the Defendant's Motion to Sever.

THE PLAINTIFFS

By _____

Francis A. Miniter, Esq. ct09566
Miniter and Associates
100 Wells Street Suite 1-D
Hartford, CT 06102
Tel. (860)560-2590

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this _____ day of August, 2004:

Joseph A. Jordano
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____
Francis A. Miniter