UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN WILLIAMS, ET AL., | : | CASE NO. 3:01CV1398 (JGM) |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| KRISTINE RAGAGLIA, ET AL., | : | |
| *Defendants*. | : | August 26, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFFS'
OBJECTON TO MOTION TO SEVER**

The defendants disagree with several aspects of the plaintiff's objection to the defendants' Motion to Sever. First, the Department of Children and Families, the current or former employer for each plaintiff, is only a party to ***one count***, that being the Title VII claim by plaintiff Regina Whilby. (Third Amended Complaint, Count 24). Otherwise, DCF is not a party to the claims by any of the remaining plaintiffs.

Second, Count 33 (inadvertently referenced as Count 45 in plaintiffs' memorandum) is an action labeled as a claim under § 1983 as against all the "individual defendants" for what is alleged to be "Defendants' action creating a chilling effect across each workplace of the Department of Children and Families, whereby highly disproportional amounts of discipline and verbal harassment are dispensed upon <u>African American male</u> employees, the consequences of which create an overwhelming atmosphere of fear designed to discourage <u>black males</u> from seeking to improve their position." On its face, this count cannot apply to ***<u>all the plaintiffs</u>*** because 4 of the 7 remaining plaintiffs are FEMALE. So at best, this count can only apply to the three male plaintiffs, not all of the defendants as plaintiffs' counsel incorrectly suggests.

Third, the plaintiffs do not dispute defendants' position that the individual defendants come from different DCF departments, regions and locations across the state. The only common defendant to all the claims is the former Commissioner of DCF, Kristine Ragagalia, named as a nominal defendant. Plaintiffs Ryan Williams and Trevor Johnson have two common defendants — Debra Collins and Patricia Simpson. Plaintiffs Cohen and Hood have named James Moore. The remaining plaintiffs have no common defendants.

Fourth, in Count 33, the plaintiffs have tried to join all of the individual defendants to assert a claim that is essentially against the agency, namely -- thee alleged disproportionate discipline of black male workers. However, since ***all of the individual defendants are sued only in their individual capacities*** (Third Amended Complaint , Section II, ¶ U),  the only possible theory under § 1983 is a conspiracy, which has not been pled with any specificity. See, Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999)(To state claim of conspiracy under § 1983, the complaint must contain more than mere conclusory allegations). The essential aspect of civil conspiracy under § 1983 is an agreement between actors to deprive someone of their rights. Almonte v. Florio, 2004 U.S. Dist. LEXIS 335, 2004 WL 60306 at *4 (S.D.N.Y. Jan. 13, 2004). No such allegations appear anywhere in the Third Amended Complaint. Essentially what the plaintiffs want to do is testify to their alleged personal tales of woe in the hope that the confluence of the evidence will taint all the individual defendants, even those with no connection or personal involvement with various plaintiffs.

Last, the Patterson v. County of Cook case cited by the plaintiffs is materially different than the present case in both factual and legal respects. For instance, in

Patterson, all of the plaintiffs and the defendant worked in one County Sheriff department, not a state agency spanning an entire state. Also, each of the plaintiff's in Patterson alleged a common count of a hostile work environment, that is fundamentally different that the discrete acts complained of in the present case. As addressed more fully below, the plaintiff's in this case have radically different claims relating to different actors, places, dates and alleged adverse actions. Furthermore, the court cannot tell from the opinion in Patterson exactly what factual allegations are contained in the amended complaint against each individual defendant, some of which were also sued in their official capacities.

## PREJUDICE AND CONFUSION

Then there is the issue of prejudice to the defendants and the confusion for a jury attempting to sort through the evidence in the present case, an argument NOT raised by the defendants in the Patterson case. In the present case, the plaintiffs carry the burden of showing how the factual conduct of the 20+ defendants and the plaintiffs will overlap for each plaintiff's case. For instance, plaintiff Ryan Williams alleges that at all material times he was employed in the probate function of DCF New Haven Region II office located in Meriden. He alleges that between 1998-2000, he received various letters of warning, had his work verified by his boss, and in 2000 he received an unsatisfactory service rating. (Third Amended Complaint, ¶¶ 5-15). Except for plaintiff Trevor Johnson, who works in the DCF Stamford office, Williams doesn't know plaintiffs Hood, Cohen, Whilby, Ovide or Ohene. (Excerpts from Deposition of Ryan Williams, Exhibit 1, pp. 6, 37-40). He knows, but does not work with Williamson. (Ex. 1, p. 38). His allegations center on defendant Weaver, and her supervisors Collins and Simpson. (Third

3

Amended Complaint, ¶¶ 5-15). Weaver is not a named defendant by any of the remaining plaintiffs. So, if Williams does not even know half of the plaintiffs, and defendant Weaver is only named in his lawsuit, how can the testimony of the other plaintiffs be relevant to his claim **against** *Weaver,* who has only been sued personally?

In contrast, plaintiff Whilby alleges and testified that she was terminated from the the DCF Bridgeport Region in March 2000 after only two and a half months into her working test period. She was a social worker trainee attending the DCF Training Academy who was let go for violating the DCF policy about using the state computer for personal use. She doesn't know ANY of the current plaintiffs and never worked with any of them.. (Excerpts from Deposition of Regina Whilby, Exhibit 2, pp. 14-17, 22-27). The actual trainers at the academy who handled the class and reported the violation are not defendants. (Ex. 2, p. 27). This being the case, how can Whilby's testimony have any relevance to plaintiff Williams case or to any of the other plaintiffs? It doesn't.

As another example, plaintiff Irene Cohen complains that the discriminatory act was that defendant Labelle in the Rockville DCF office forgot to put in paperwork for her to get a promotion, which she did eventually get. This conduct happened in 1994-1995. She also complains about defendant Moore allegedly giving her a bad evaluation in 1997. She was terminated in 2000 and does not believe that defendants Labelle or Moore had anything to do with that. (Excerpts from Deposition of Irene Cohen, Exhibit 3, pp. 10, 14-15, 18-24, 34-45, 46). Again, how could Cohen's testimony be material to Whilby's or Williams' case? The same is true of the other plaintiffs.

These examples show both the wide variance in nature of each claim and that the facts are materially different than the Patterson case. The examples also refute plaintiffs' argument that the same witnesses will necessarily have to be recalled in every case.

Even if all of plaintiffs believe that DCF is racially biased, the conduct of unrelated persons from different DCF regions, committing different acts and at different times, cannot be used to impute liability to all of the individual defendants. Federal law is clear that for liability to be imposed against a defendant in his/her individual capacity, the defendant must have been personally involved in the constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). There is no such thing as imputed individual liability simply by association.

Of course the plaintiffs do not want the cases severed because there is no evidence of systemic discrimination. The last thing they want is to have their individual cases judged on the merits. Plaintiffs' counsel is correct that the plaintiff's have no admissible statistical evidence or expert testimony upon which to base of systemic discrimination.

For all of the above reasons and to ensure fairness to each individual defendant, the Motion to Sever should be granted.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
E-mail: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 26th day of August 2004, a true and accurate copy of the foregoing was sent by United State mail, postage prepaid, to the following:

Francis J. Miniter, Esq.
Miniter & Associates
100 Wells Street, Suite 1-D
Hartford, CT 06102

_____
Joseph A. Jordano
Assistant Attorney General