UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN WILLIAMS, ET AL., | : | CASE NO. 3:01CV1398 (JGM) |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| KRISTINE RAGAGLIA, ET AL., | : | |
| *Defendants*. | : | February 21, 2006 |

**DEFENDANTS' RESISTENCE TO MOTION TO RE-OPEN**

COME NOW the defendants and object to the plaintiff's request to reopen the case after summary judgment has already been entered regarding plaintiff Irene Cohen. Specifically, the defendants object because the plaintiff has offer no evidence that would satisfy Rules 59(e) and 60(b) of the F.R.C.P.[1]  Defendants recognize that the issue of reopening a judgment is left to the sound discretion of the court. Accordingly, the defendants would simply remind the court of the following.

Summary judgment in the above case was filed on December 14, 2005. (Doc. # 101).  Plaintiff's counsel spoke with defense counsel around that time on an unrelated matter and communicated that if the plaintiff needed additional time, he would have no objection to an extension.  Plaintiff's counsel did <u>not</u> request an extension of time from the court. On February 9, 2006,  the plaintiff filed two motions-- one to re-open the judgment and the second for an extension of time to respond to the summary judgment <u>within 30 days after the Court rules on the motion to reopen</u>. (Doc. #s 107 and 108).

---

[1]  Defendants treat the plaintiff's motion as one F.R.C.P.  Rules 59(e) or 60(b)  because a request for reconsideration under Local Rule 7 (c)  would simply require the court to reexamine its ruling based on the evidence submitted. Since the plaintiff offered no evidence in resistance, the result on reconsideration would necessarily be the same.

The defendants take issue with the representation by plaintiff's counsel that the defendants will suffer no harm. That is not true given that a judgment has already been entered in favor of the individual defendants named by this particular plaintiff. So reopening the judgment will effectively put these individual defendants again at legal risk of liability, despite having already shown no basis for such liability. The defendants put forth considerable effort to file their summary judgment in a timely manner. So to simply state that the defendants will not be prejudiced is incorrect.

Second, the defendants ask the court to consider that no evidence has been put forth showing excusable neglect or that the plaintiff is prepared to respond to the summary judgment. It would be one thing for the plaintiff to request to file her response to summary judgment out of time based on the filing date of the motions, as that would be consistent with a 30-day extension time from the January 4, 2006 deadline. But a busy schedule is not a basis for reopening a judgment.

Under Rule 59(e), there are only three valid reason for reopening a judgment. They are: (1) newly discovered evidence, (2) an intervening change in the law and (3) manifest error in the law. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). Similarly, a busy work schedule is insufficient under Rule 60(b) to reopen a judgment based on excusable neglect. For instance, in Cato v. Thompson, 118 Fed. Appx. 93, 2004 U.S. App. LEXIS 24888 (7th Cir. 2004), the court of appeals addressed a situation similar to the present case. In that case, the plaintiff sought to reopen a summary judgment after the attorney for the estate of a diseased boy failed to timely respond to a summary judgment motion. The defendant had offered evidence in support of summary judgment and there being no response from the plaintiff, the Magistrate Judge granted the motion

2

and entered judgment for the defendant. Plaintiff's counsel filed motions under Rules 59(e) and 60(b) to reopen the judgment based on excusable neglect, namely, a busy case load and miscommunications within his firm. The Magistrate Judge denied the motion. On appeal, the court affirmed the denial of the motion to reopen holding that the plaintiff could not meet the requirements of Rule 59(e) and that the attorney's busy schedule was not excusable neglect under Rule 60(b).

Defense counsel is sensitive and sympathetic to the fact that plaintiff's counsel works in a small law firm and errors can occur. However, the defendants do not believe that a simple motion for more time should suffice to reopen a judgment absent some showing that in fact the plaintiff can, and has, compiled a good faith response to the summary judgment that is ready for filing with the court. The individual defendants have been sued personally in this case and have a tremendous interest in this matter.

Accordingly, based on the language of the motions, the defendants ask that the court deny the motion to reopen the judgment entered against plaintiff Irene Cohen on January 15, 2006 (Doc. # 105).

          DEFENDANTS,
          KRISTINE RAGAGLIA, ET AL.

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

By: _____
   Joseph A. Jordano
   Assistant Attorney General
   Federal Bar # ct21487
   55 Elm Street, P.O. Box  120
   Hartford, CT 06141-0120
   Tel:  (860) 808-5340
   Fax: (860) 808-5383
   E-mail:
   Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

I hereby certify that pursuant to §5(b) of the Federal Rules of Civil Procedure, a copy of the foregoing was sent via first class mail, postage prepaid, this   21st   day of February, 2006 to:

  Francis A. Miniter, Esq.
  Miniter & Associates
  100 Wells Street, Suite 1-D
  Hartford, CT 06103

         _____
         Joseph A. Jordano
         Assistant Attorney General