IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
                                          :
RYAN WILLIAMS ET AL.                      :     3:01 CV 1398 (JGM)
                                          :
v.                                        :
                                          :
                                          :
KRISTINE RAGAGLIA ET AL.                  :
                                          :     DATE: MARCH 16, 2006
-----------------------------------------------------------x
```

RULING ON PLAINTIFF'S MOTION TO OPEN PARTIAL SUMMARY JUDGMENT
RULING AND ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME

On July 25, 2001, plaintiffs commenced this action (Dkt. #1), followed by an Amended

Complaint on December 11, 2001 (Dkt. #31), a Second Amended Complaint on June 12,

2002 (Dkt. #40), and a Third Amended Complaint on December 18, 2002 (Dkt. #57). The

Third Amended Complaint included twenty-six counts, alleging violations of the Fourteenth

Amendment and 42 U.S.C. § 1983, 42 U.S.C. § 1981, and intentional infliction of emotional

distress by each of the seven plaintiffs against his or her various supervisors (Counts One

to Three – plaintiff Williams; Counts Four to Six — plaintiff Johnson; Counts Ten to Thirteen

— plaintiff Cohen;[1] Counts Fourteen to Sixteen – plaintiff Hood; Counts Seventeen to

Nineteen – plaintiff Williamson; Counts Twenty to Twenty-five  – plaintiff Whilby;[2] Counts

Thirty to Thirty-two – plaintiff Ohene,[3] and lastly Count Thirty-Three, brought under 42 U.S.C.

§ 1983 by all plaintiffs against all individual defendants).[4]

--------------------------------

[1]The additional count (Count Twelve) is for wrongful discharge.

[2]The additional counts (Counts Twenty-three through Twenty-five) are for wrongful
discharge, and Title VII and CONN. GEN. STAT. § 46a-60(a)(1) claims against defendant DCF.

[3]This Court granted summary judgment as to plaintiff Ohene on June 24, 2005. (Dkt. #98).

[4]On June 10, 2003, defendants' Motion for Default Judgment against plaintiffs Darko and
Ovide was granted (Dkts. ##68-69), thus eliminating Counts Seven to Nine – plaintiff Darko, and
Counts Twenty-Six to Twenty-nine – plaintiff Ovide.

On March 3, 2003, the parties consented to trial before this Magistrate Judge.  (Dkt. #65).  The deadline for the completion of discovery was extended on several occasions, until June 1, 2004.  (See Dkt. #67 & 5/21/03 endorsement thereon, #70 & 8/14/03 endorsement thereon, ##71-76).

On March 16, 2005, defendants filed a Motion for [Partial] Summary Judgment, with respect to plaintiff Ohene.  (Dkt. #91).  On April 13, 2005, plaintiff Ohene filed a Motion for Extension of Time until June 27, 2005 (Dkt. #94), which was granted only until May 27, 2005 (Dkt. #95).  On June 8, 2005, plaintiff filed another Motion for Extension of Time (Dkt. #96), which was granted only until June 20, 2005 (Dkt. #97).   Plaintiff Ohene failed to file a timely brief in opposition.  On June 24, 2005, this Court granted defendants' Motion for Summary Judgment, absent objection, as to plaintiff Ohene's claims, familiarity with which ruling is presumed. (Dkt. #98)["June 2005 Ruling"].  The remaining six plaintiffs in the Third Amended Complaint are former employees of the Connecticut Department of Children and Families ["DCF"]; the twenty-one defendants include the DCF and twenty of its supervisors and administrators, including its then Commissioner, Kristine Ragaglia.   (Third Amended Complaint, ¶¶ 3-4).

At a settlement conference held on September 29, 2004, counsel agreed that after this Court issued its ruling on defendants' Motion for Summary Judgment with respect to plaintiff Ohene, a continued settlement/status conference would be held during which the dates would be set for filing the next motion for summary judgment.  (Dkt. #85, ¶ 6.  See also June 2005 Ruling, at 14, n.6).   Thereafter, counsel communicated to the Court that defendants would file their Motion for Summary Judgment regarding plaintiff Irene Cohen on November 29, 2005.  (See Dkt. #99, ¶ 3).  After an extension of time was granted (Dkt. #100), defendants filed their  Motion for [Partial] Summary Judgment, brief, index of exhibits

and Local Rule 56(a)1 Statement of Material Facts on December 13, 2005.  (Dkts. ##101-04).  As with plaintiff Ohene, plaintiff Cohen failed to file a timely brief in opposition.

On January 25, 2006, this Court granted defendant's [Partial] Motion for Summary Judgment as to plaintiff Irene Cohen (Dkt. #105) ["January 2006 Ruling"], in which Ruling this Court scheduled a "status/settlement conference" for February 13, 2006 "to address the remaining five plaintiffs (Williams, Johnson, Hood, Williamson, and Whilby)." (At 19, n.18). Five days before the conference, on February 9, 2006, plaintiff filed the pending Motion to Open Partial Summary Judgment Ruling (Dkt. #107) and Motion for Extension of Time (Dkt. #108), as to which defendants filed their "Resistence to Motion to Re-Open" on February 21, 2006 (Dkt. #111), the date upon which counsel agreed at the status conference. (See Dkt. #109, ¶ 1).  At the status conference, the parties further agreed that plaintiff would file a reply brief "on or before March 7, 2006" (id.)(emphasis omitted), which date has come and gone without any further submission by plaintiff.

For the reasons stated below, plaintiff's Motion to Open Partial Summary Judgment Ruling (Dkt. #107) and plaintiff's Motion for Extension of Time (Dkt. #108) are **denied.**

## I. DISCUSSION

Plaintiff moves this Court to open its January 2006 Ruling and "permit [p]laintiff[ ] to file a response to [d]efendants' Motion [for Partial Summary Judgment]" on grounds that plaintiff's counsel had consent from defense counsel for an extension of time but "had not realized that the time to move for an extension of time expired." (Dkt. #107, ¶ 1).  According to plaintiff's counsel, he was engaged in preparing two appellate briefs, due to the Second Circuit by January 20, 2006,[5] and had been occupied with two trials.  (Id. ¶ 2).  Moreover,

---

[5]According to plaintiff's counsel, one of the cases before the Second Circuit settled and the deadline for briefing in the other case was extended.  (Dkt. #107, ¶ 2).

plaintiff's counsel contends that plaintiffs and defendants are "vigorously pursuing the multiple aspects of this case and this aspect of it should not be omitted."  (Id. ¶ 3). Additionally, plaintiff seeks an extension of time to respond on the same grounds addressed above and on grounds that "[g]iven the consent of defense counsel, no harm has been suffered by [d]efendants."  (Dkt. #108, at 1).[6]

Defendants respond that in December 2005, defense counsel communicated to plaintiff's counsel that he "would have no objection to an extension" of time in this case, however, "[p]laintiff's counsel did not request an extension of time" from this Court.  (Dkt. #111, at 1).  Moreover, defendants assert that contrary to plaintiff's position that defendants will suffer no harm, defendants will be harmed as the reopening of a judgment entered in favor of the individual defendants named by this particular plaintiff will effectively put them "again at legal risk of liability, despite having already shown no basis for such liability."  (Dkt. #111, at 2).

Defendants correctly observe that plaintiff's Motion cannot be treated as one for reconsideration under Local Rule of Civil Procedure 7(c) as such motion would require the Court to reexamine the January 2006 Ruling based on the evidence submitted, of which plaintiff has offered none.  (See Dkt. #111, at 1, n.1).  Rather, plaintiff's motion must be treated as one made under Federal Rule of Civil Procedure 59(e),[7] seeking to alter or amend a judgment, or one made under Federal Rule of Civil Procedure 60(b), seeking relief from judgment on grounds of mistake, inadvertence or excusable neglect.

Rule 60(b) permits this Court, upon timely motion, to relieve plaintiff or plaintiff's

---

[6]In her Motion for Extension of Time, plaintiff assures the Court that her "answering papers can be filed within 30 days of the granting of this motion."  (Dkt. #108, ¶ 4).

[7]Specifically, Rule 59(e) allows for the making of a motion no later than 10 days after the entry of a judgment, "to alter or amend a judgment."  Plaintiff's Motion to Reopen and Motion for Extension of Time were file eleven days after the January 2006 Ruling was filed.

counsel from the judgment entered in its January 2006 Ruling for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Plaintiff does not allege any of these grounds, other than to generally assert that he was "engaged in preparing two appe[llate] briefs" which plaintiff then admits were no longer subject to the January 20, 2006 deadline as one of the cases settled and the deadline for the briefing schedule in the second has been extended. (Dkt. #107, ¶ 2). A busy work schedule does not suffice as grounds for reopening a judgment particularly in light of the harm such action would cause to the three individually named defendants, and the considerable time expended by defense counsel in complying with the Court's deadlines. Moreover, the history of this case reveals no fewer than sixteen motions for extensions of time, six of which have been filed by plaintiff's counsel, and all of which have been granted. (See Dkts. ##28, 33, 34, 37, 55, 63, 67, 70, 71, 73, 75, 87, 89, 94, 96 & 99). Plaintiff's counsel only had to timely file such motion for extension of time in order to preserve plaintiff's right to oppose defendants' Motion for Partial Summary Judgment.[8]

_____

[8]Moreover, six months prior to the briefing on plaintiff's Cohen's Motion for Partial Summary Judgment, plaintiff Ohene failed to file a brief in opposition to defendants' Motion for Partial Summary Judgment, which Motion was later granted. (See Dkt. #98).

5

<u>II. CONCLUSION</u>

For the reasons stated above, plaintiff's Motion to Open Partial Summary Judgment

Ruling (Dkt. #107) and plaintiff's Motion for Extension of Time (Dkt. #108) are **<u>denied.</u>**[9]

Dated this 16th day of March, 2006, at New Haven, Connecticut.


_____/s/_____

Joan Glazer Margolis
United States Magistrate Judge

─────────────────────

[9]Pursuant to the Memorandum of Settlement/Status Conference, filed February 14, 2006, defendants will file their Motion for Summary Judgment, brief, affidavit, and documents in support, and Local Rule 56 Statement with respect to plaintiff Hood or Williamson **<u>on or before April 17, 2006</u>**. (Dkt. #109, ¶ 3).