UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN WILLIAMS, ET AL., | : | CASE NO. 3:01CV1398 (JGM) |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| KRISTINE RAGAGLIA, ET AL., | : | |
| *Defendants*. | : | March 26, 2007 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ATTORNEY'S FEES**

**I.     BACKGROUND FACTS**

Plaintiffs, who were/are employed by the State of Connecticut, Department of Children and Families, brought this suit on July 25, 2001 against twenty eight (28) individually named defendants. The nine plaintiffs, from various locations throughout the state, brought under 42 U.S.C. § 1983, 42 U.S.C. § 1981, Intentional Infliction of Emotional Distress, Wrongful Discharge and Title VII. Plaintiffs originally filed their complaint on July 25, 2001, (Doc. # 1), and filed a First Amended Complaint on December 11, 2001 (Doc. # 31); Second Amended Complaint on June 12, 2002 (Doc. # 40) and a Third Amended Complaint on December 18, 2002 (Doc. # 57).

The plaintiffs alleged inter alia, that they were treated differently in their employment than others similarly situated. The plaintiffs allegations were filled with conclusory allegations, nothing concrete and nothing beyond their own self-serving beliefs.

Not only have all the allegations thus far proved untrue, but the plaintiffs have repeatedly failed to file any opposition to the defendants' multiple summary judgment submissions to refute non-discriminatory reasons behind each and every employment decision which leads credence to the belief that the entire lawsuit was brought in bad faith. Plaintiff Alice Hood was the latest to

entirely fail to respond to summary judgment. Pursuant to prevailing law, the defendants are entitled to their attorneys' fees for expenditures to date because the plaintiffs Benjamin Ohene, Irene Cohen, Patricia Williamson and Alice Hood and plaintiffs' counsel Francis A. Miniter have continually: (1) failed to prosecute the instant matter; (2) and have NEVER filed any opposition papers to four (4) summary judgment motions that have been filed by the defendants' counsel since March 2005. The lone representation to the Court during the entire time that summary judgment motions have been submitted by plaintiffs' counsel is that one plaintiff, Patricia Williamson, failed to assist him in filing opposition papers AFTER his deadline for filing opposition papers had passed and after the Court intervened and held a status/settlement conference in which he made the representation that she would not assist him.

      The state had to expend a considerable amount of time and resources to defend against these false and frivolous allegations. As set forth in their motion, defendants request an award of $19,200.00 in attorney's fees against plaintiffs Benjamin Ohene, Irene Cohen, Patricia Williamson and Alice Hood and plaintiffs' counsel Francis A. Miniter. The request is based upon the expenditure of 64 hours[1] by Assistant Attorney General Joseph A. Jordano, at the hourly rate of $300.00 per hour[2], as set forth in the accompanying affidavit.

---

[1] The defendants' counsel submits that he has not maintained contemporaneous hours during the course of this litigation. The hours requested are highly conservative based upon the amount of time that is required for each and every summary judgment submission that has been made by members of the Employment Rights Department of the Attorney General's Office and by the undersigned, in particular.

[2] The undersigned was recently awarded the hourly rate of $300.00 by U.S. District Court Judge Warren W. Egington in Charette v. DSS, et al., 3:01CV1927(WWE).

## II. DEFENDANTS ARE PREVAILING PARTIES, WHO SHOULD BE AWARDED ATTORNEYS' FEES UNDER THE FACTS OF THIS CASE.

Pursuant to 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the cost incurred" in litigating a § 1983 action. Where the prevailing party is a defendant, however, attorneys fees may be recovered under § 1988 "if the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14 (1980) citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). See also Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980)("[The American] rule does not apply, however, where the opposing party has acted in bad faith.")

While it may be unusual to permit fees to a prevailing defendant, but when plaintiffs repeatedly fail to respond to summary judgment after filing a lawsuit that accuses people of wrongdoing, such conduct evidences a frivolous and vexatious motive warranting a fee award. Christiansburg Garment Co., 434 U.S. at 422. This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation. Roadway Express, 447 U.S. at 766, quoting Hall v. Cole, 412 U.S. 1, 15, 93 S. t. 1943, 365 L. Ed. 2d 702 (1973). It applies to both the party and his counsel. Id.

A court has inherent power to control its own proceedings, including the power to impose appropriate monetary sanctions on counsel or a litigant for "bad faith" conduct. Ametex Fabrics v. Just In Materials, et al., 1996 U.S. Dist. LEXIS 10788 * 6 (S.D.N.Y. 1996) citing to Sussman v. Bank of Israel, 56 F.3d 450, 459 (2d Cir. 1995); U.S. v. Int'l Brotherhood of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991). Whereas Rule 11 addresses only papers filed with the court, a

court has inherent power to sanction bad faith conduct more broadly than that provided for in Rule 11. See Chambers v. Nasco, Inc., 501 U.S. 32, 42, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1990). Rule 11 does not displace a court's inherent power to sanction, see id., and the "assessment of attorney's fees is undoubtedly within a court's inherent power." Id. at 45.

In this case, the defendants have submitted four summary judgment motions. The first, regarding plaintiff Benjamin Ohene, was filed on March 16, 2005 (Doc. #s 91-93). The plaintiff in response filed two motions for extension of time. Absent a response, the Court granted the defendants' motion for summary judgment on June 24, 2005. (Doc. # 98). The defendants filed their next summary judgment motion regarding Irene Cohen on December 14, 2005 (Doc. #s 101-102). Again, absent a substantive response, the Court granted the defendants' motion for summary judgment on January 25, 2006 (Doc. # 105). Four days prior to a scheduled status/settlement conference, the plaintiff on February 9, 2006 requested that the decision regarding Ms. Cohen be reopened. (Doc. # 107). The Court (Margolis, M.J.) gave plaintiff's counsel until March 7, 2006 to file opposition papers. No response was filed and on March 16, 2006 (Doc. # 112) the court denied plaintiff's motion to reopen and affirmed its earlier decision.

The defendants filed their Motion for Summary Judgment regarding plaintiff Patricia Williamson on April 11, 2006 (Doc. # 113-115). Plaintiffs' counsel requested four extensions of time regarding the filing of opposition papers. Yet, he again failed to file any opposition papers and the Court, following a telephonic status conference in which plaintiffs' counsel made the assertion that she would not assist him in opposition papers, granted the defendants' motion for summary judgment, absent objection, on August 21, 2006 (Doc. # 130).

The defendants filed the fourth Motion for Summary Judgment regarding plaintiff Alice Hood on January 31, 2007 (Doc. #s 139-142). Plaintiff's opposition papers were due by

February 21, 2007.  None were forthcoming.  Absent objection, the Court on February 26, 2007 issued its ruling, granting the motion for summary judgment regarding Ms. Hood. (Doc. # 143). The Court, in its ruling, in footnote No. 19 at page 23 stated, "…counsel shall contact the Magistrate Judge's Chambers to schedule a settlement conference, <u>with the three remaining plaintiffs present</u>, as well as a representative for the remaining defendants." (Emphasis in original).

    The defendants are prejudiced by the plaintiffs lack of response and apparent lack of interest in the matter which they filed in July 2001.  The 'evidence' presented by the plaintiffs has been solely conclusory and has not met the burden of proof required to get past the summary judgment stage.  Clearly, the plaintiffs lack of participation in the instant matter is evidence that the lawsuit was brought in bad faith, as the Court has recognized.

    In the motion recent summary judgment submission regarding plaintiff Alice Hood, the Court in its ruling has found that plaintiff Hood's own testimony refutes her own allegations. Plaintiff Hood alleged that she was not allowed to take a social worker supervisory examination.[3]  The Court quoted plaintiff Hood's own testimony that none of her supervisors and none of the named defendants denied her the opportunity to take the test to be a DCF supervisor (Ruling, p. 14).  Regarding rumors allegedly spread by defendant Ada Sanchez that the plaintiff was not actually hurt, the plaintiff admitted that she didn't think the comments were because of her race, just a personal dislike of the plaintiff by Sanchez. (Ruling, p. 15).  Regarding uneven supervision by a James Moore, the plaintiff admitted that she didn't know how and in what matter he met with others in the unit. (Ruling, p. 16).  Regarding alleged sexual advances toward her, the plaintiff admitted that she never told a supervisor or someone in management about this

---

[3] The Court found this claim to be time-barred by the three-year statute of limitations governing Section 1983 and 1981 actions.  It did address the merits of the claim.

5

behavior. The Court said, "Plaintiff's own testimony undermines her claim for inappropriate sexual touching …as plaintiff explicitly testified that she did not notify DCF management…and that DCF management may not have known anything about any alleged inappropriate touching…" (Ruling, pp. 18-19). And, finally, regarding her claim that she was "ordered" to leave work when she attempted to return following a medical episode, the plaintiff admitted that she didn't think it was because of her race, but needed the certification "just because of me." (Ruling p. 20).

At every stage, plaintiff Hood's testimony undermines her own allegations. Her inclusion in the lawsuit was in bad faith.

Attorney's fees should be awarded to defray the state's expenses in defending this lawsuit that was brought in bad faith.

Plaintiff counsel's only inclusion in the instant matter since March 16, 2005, the date on which the defendants filed their first summary judgment motion regarding plaintiff Benjamin Ohene, has been the filing of nine (9) motions for extensions of time (Doc. #s 94, 96, 116, 119, 118, 122, 123, 126 and 148[4]) and a Motion to Reopen Judgment on February 9, 2006 (Doc. # 107), which he again failed to act upon by wholly failing to submit any opposition regarding the summary judgment granted regarding Patricia Williamson despite being generously treated by this Court. There have been no substantive filings by the plaintiffs in the instant action since the filing of a Third Amended Complaint on December 18, 2002 (Doc. # 57).

---

[4] Plaintiff filed a Motion for Extension of Time on March 8, 2007 (Doc. # 148) to file a response to the summary judgment motion regarding Alice Hood. The Court denied the motion as moot on March 9, 2007 (Doc. # 149) stating, "denying 148 Motion for Extension of Time as moot, the Court already having granted defendants' Motion for Summary Judgment in a 24-page Ruling, filed on 2/26/07 (Dkt. # 143)."

### III. Reasonable Hourly Rate And Expenditure of Time.

In <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S. Ct. 1541 (1984), the Supreme Court made clear that fees awarded to publicly funded legal organizations should be based on prevailing market rates in the private sector without discount.  See also <u>Miele, et al. v. New York State Teamsters</u>, 831 F.2d 407, 409 (1987) (Recognizing that prevailing market rates are fully applicable to fee awards to non-profit organizations).

Reasonable hourly rates for the purposes of a fee award under § 1988 are to be measured by the "rates that are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  <u>Blum v. Stenson</u>, 465 U.S. at 895.  Defendants have submitted counsel's affidavit to support the claimed rate of $300.00 per hour. It is well-settled that the prevailing party is entitled to reasonable compensation for time expended in preparing and litigating the statutory fee application.  <u>Valley Disposal v. Central Vermont</u>, 71 F.3d 1053, 1060 (1996).

### IV. <u>CONCLUSION</u>

For all the foregoing reasons, the Defendants respectfully request that their motion for attorney's fees be granted.

                                                DEFENDANTS

BY: _____
     Joseph A. Jordano
     Assistant Attorney General
     55 Elm Street, P. O. Box 120
     Hartford, CT  06141-0120
     Tel:  (860) 808-5340
     Fax:  (860) 808-5383
     E-Mail Address:
     Joseph.Jordano@po.state.ct.us
     Federal Bar No. ct21487

## **CERTIFICATION**

I hereby certify that a copy of the foregoing **Memorandum of Law in Support of Motion for Attorney's Fees** was mailed, first class postage prepaid this  26th   day of March, 2007 to all counsel of record:

    Attorney Francis Miniter
    Miniter & Associates
    100 Wells Street, Suite 1-D
    Hartford, CT  06103

                                            _____
                                            Joseph A. Jordano
                                            Assistant Attorney General