UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN WILLIAMS | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV1398(JGM) |
| | : | |
| v. | : | |
| | : | |
| KRISTINE RAGAGLIA, ET AL. | | |
| *Defendants* | : | September 17, 2007 |

## DEFENDANTS' RULE 56 (a)(1) STATEMENT

1. The plaintiff, Regina Whilby is a former employee of the Connecticut Department of Children and Families. (Third Amended Complaint, ¶ 76)

2. Whilby was hired on January 28, 2000 as Social Worker Trainee. (Exhibit 1, Affidavit of Wanda Estrella, dated September 11, 2007, ¶ 4 [hereinafter "Estrella Aff."]; Third Amended Complaint, ¶ 76)

3. The Connecticut Department of Children and Families is a state agency responsible for the care of minor children. Its work force and clients are racially and ethnically diverse. (Third Amended Complaint)

4. Ms. Whilby underwent training at the DCF Training Academy as required of all trainees. (Ex. 1, Estrella Aff., ¶ 5)

5. DCF social workers use and have access to state computer equipment and email. (Ex. 1, Estrella Aff., ¶ 6)

6. During the academy courses of Whilby training, she was instructed and reminded about the DCF computer use policy that prohibits the use of email for employee personal business. She also admitted that the

restrictions were posted in plain view. There is a "STOP" sign posted in each computer that reminds trainees not to use computer for personal use. (Ex. 1, Estrella Aff., ¶ 7; Exhibit 2, DCF Response to CHRO Complaint # 0020323, p. 3, ¶ 7 & Enclosure # 4)

7. During a training class the instructor, James Desmond, a black male, discovered and reported that the plaintiff accessed her personal e-mail account using the state computer and printed off at least two personal emails on DCF equipment which is contrary to DCF policy. One email disparaged interracial dating by black men. (Ex. 1, Estrella Aff., ¶ 9; Exhibit 2, DCF Response to CHRO Complaint # 0020323, p. 5, ¶ 12, Exhibit 3, E-mail dated March 8, 2000 (5 pages)

8. An investigation was conducted. Ms Whilby admitted to the inappropriate conduct. (Exhibit 4, Excerpt from Deposition of Regina Whilby, dated September 20, 2002, pp. 32:1-14, [hereinafter "Whilby Depo."]).

9. Ms. Whilby admitted that she printed an item from her personal e-mail while she was attending the training classes. (Ex. 4, Whilby Depo., p. 33:1-12)

10. Whilby was notified by letter that effective March 15, 2000 that she was being separated from service with the State of Connecticut. (Exhibit 2, DCF Response to CHRO Complaint # 0020323, Enclosure # 9, Letter dated March 15, 2000).

11. Under the collective bargaining agreement, Ms. Whilby was a probationary employee and not considered a permanent state employee.

2

Accordingly, she did not have same rights as a permanent state employee would have, which would include the ability to file a grievance over her being dropped during the working test period. (Ex. 1, Estrella Aff., ¶ 10; Exhibit 5, Excerpt from Collective Bargaining Agreement, Article 11, Working Test Period)

12. The plaintiff had the right to request a SPERL hearing, in which Whilby could appeal being dropped during the working test period to the DCF Human Resources Director. (Ex. 1, Estrella Aff., ¶ 11)

13. Ms. Whilby requested a SPERL hearing by an undated letter. (Ex. 1, Estrella Aff., ¶ 12; Exhibit 6, Undated letter from Whilby to Estrella)

14. Ms. Whilby met with the Director of Human Resources, Wanda Estrella, a Hispanic female. Whilby was given the opportunity to present any evidence in her favor that she wanted Ms. Estrella to consider. (Ex. 1, Estrella Aff., ¶ 13)

15. In her defense, Whilby informed DCF managers that other DCF employees engaged in the same behavior during the training class and were not disciplined. (Ex. 1, Estrella Aff., ¶ 14)

16. Whilby identified DCF trainee Jeff Smythe as a person similarly situated to her. The DCF Computer Trainer at the academy reported that Smythe had sent an email to a classmate within the academy. He did not access his home emails, print off personal material using DCF equipment or leave racially inappropriate emails for other trainees to see. (Ex. 1, Estrella Aff., ¶ 15; Exhibit 3, DCF's Response to CHRO Complaint, p. 6, ¶ 17)

17. Having reviewed the material from regional management and the Training Academy Staff, Wanda Estrella concluded that Ms. Whilby had been fully apprised of DCF's computer use policy during the academy session. (Ex. 1, Estrella Aff., ¶ 16)

18. Further, Ms. Estrella concluded that Ms. Whilby's decision to use the DCF email to access personal AOL emails, printed several emails on the state equipment, and leave a racially charged email for other to see showed poor judgment and violated the DCF computer use policy. (Ex. 1, Estrella Aff., ¶ 17).

19. By letter dated May 5, 2000, Ms. Estrella notified Ms.Whilby of her determination that Whilby's separation from state service was proper under the circumstances. (Ex. 1 Estrella Aff., ¶ 18; Exhibit 7, Letter dated May 5, 2000 from Estrella to Whilby)

20. In Ms. Estrella's professional judgment, Jeff Smythe was not similarly situated in all material respects. (Ex. 1, Estrella Aff., ¶ 19)

21. Ms. Whilby was not separated because of her race or gender. It was Wanda Estrella's professional judgment that her conduct warranted being dropped during the working test period. (Ex. 1, Estrella Aff., ¶ 20)

22. DCF disciplines employees on a case by case basis. Between 1998 and 2000, fourteen people were disciplined for misuse of state property, including the dismissals of white, black and Hispanic employees. (Ex. 1, Estrella Aff., ¶ 21; Exhibit 3, DCF Response to CHRO Complaint, Enclosure 11F).

23. Whilby admits that defendant Ragaglia had no involvement in the decision to terminate her. (Ex. 3, Whilby Depo., p. 56:2-5).

24. The DCF trainers deny that they allowed or told any trainees to access their personal emails or print them off on DCF equipment. (Exhibit 3, DCF Response to CHRO Complaint, Answer, p. 4, ¶ 8, 10).

25. The plaintiff received the Release of Jurisdiction from the CHRO on October 23, 2000. (Exhibit 9, CHRO Release of Jurisdiction, Ex. 4, Whilby Depo., p. 42:2-15). The plaintiff did not file suit until July 25, 2001. (Williams v. Ragaglia, et al., 3:01CV1398(JGM), Doc. # 1).

        DEFENDANTS,
        KRISTINE RAGAGLIA, ET AL.

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


By:    /s/ Joseph A. Jordano
       Joseph A. Jordano
       Assistant Attorney General
       55 Elm Street, P.O. Box 120
       Hartford, CT 06141-0120
       Tel: (860) 808-5340
       Fax: (860) 808-5383
       E-mail: Joseph.Jordano@po.state.ct.us
       Federal Bar # ct21487

## **CERTIFICATION**

I hereby certify that on September 17, 2007 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/_Joseph A. Jordano_____
Joseph A. Jordano (# ct21487)
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5383
E-mail:
Joseph.Jordano@po.state.ct.us