UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN WILLIAMS<br>*Plaintiff* | : | CIVIL ACTION NO.<br>3:01CV1398(JGM) |
| v. | : | |
| KRISTINE RAGAGLIA, ET AL.<br>*Defendants* | : | September 11, 2007 |

## AFFIDAVIT OF WANDA ESTRELLA

WANDA ESTRELLA, having been duly sworn, deposes and says as follows:

1. I am over eighteen years of age and understand the obligations of an oath.

2. I am familiar with the allegations set forth in the above-captioned complaint and am competent to testify at trial.

3. I am employed by the State of Connecticut, Department of Children and Families (hereinafter "DCF") as Director of Human Resources, having held that position since January, 1997.

4. The plaintiff, Regina Whilby, was hired on or about January 28, 2000 as a Social Worker Trainee with the Department of Children and Families.

5. Ms. Whilby underwent training at the DCF Training Academy as all trainees are required.

6. DCF Social Workers use and have access to state computer equipment and email.

7. During Whilby's academy training courses, she was instructed and reminded about the DCF computer use policy that prohibits the use of

       email for employee personal business. She admitted that the restrictions on computer use were posted in plain view.

8. During the course of her training, Ms. Whilby was reminded about the DCF computer use policy that prohibits the use of email for personal business.

9. During a training class the instructor, James Desmond, a black male, discovered and reported that the plaintiff accessed her personal AOL email account using the state computer and printed off at least two personal emails on DCF equipment which is contrary to DCF policy. One email disparaged interracial dating by black men, portraying white women as sexually promiscuous.

10. Under the collective bargaining agreement, Ms. Whilby was a probationary employee and not considered a permanent state employee. Accordingly, she did not have same rights as a permanent state employee would have, which would include the ability to file a grievance over her being dropped during the working test period..

11. The plaintiff had the right to request a SPERL hearing, in which Whilby could appeal her being dropped during the working test period to the DCF Human Resources Director.

12. Ms. Whilby requested a SPERL hearing by an undated letter.

13. Ms. Whilby met with me, the Director of Human Resources, a Hispanic female. Whilby was given the opportunity to present any evidence in her favor that she wanted me to consider.

14. In her defense, Whilby informed DCF managers that other DCF employees engaged in the same behavior during the training class and were not disciplined.

15. Whilby identified DCF trainee Jeff Smythe as a person similarly situated to her. The DCF Computer Trainer at the academy reported that Smyth had sent an email to a classmate within the academy. He did not access his home emails, print off personal material using DCF equipment or leave racially inappropriate emails for other trainees to see.

16. Having reviewed the material from regional management and Training Academy Staff, I concluded that Ms. Whilby had been fully apprised of DCF's computer use policy during the academy session.

17. Further, I concluded that Ms. Whilby's decision to use the DCF email to access personal AOL emails, printed several emails on the state equipment, and leave a racially charged email for others to see showed poor judgment and violated the DCF computer use policy.

18. By letter dated May 5, 2000, I notified Ms. Whilby of my determination that her separation from state service was proper under the circumstances.

19. In my professional judgment, Jeff Smythe was not similarly situated in all material respects.

20. Ms. Whilby was not separated because of her race or gender. It was my judgment that her conduct warranted being dropped during the working test period.

21. DCF disciplines employees on a case by case basis. Between 1998 and 2000, fourteen people were disciplined for misuse of state property, including the dismissals of white, black and Hispanic employees.

FURTHER AFFIANT SAYETH NOT

_____
Wanda Estrella
Director of Human Resources


STATE OF CONNECTICUT )
                     ) ss. Hartford, Connecticut
COUNTY OF HARTFORD   )

Subscribed and sworn to before me on this 11th day of September, 2007.

_____
Claire C. LaComb
Notary Public/
~~Commissioner of the Superior Court~~

My Commission Exp. Dec. 31, 2008

4