# DEPARTMENT
## *of* CHILDREN
## *and* FAMILIES

JOHN G. ROWLAND
Governor

KRISTINE D. RAGAGLIA, Esq.
Commissioner

*Caring for Connecticut's Future*

May 24, 2000

Ms. Tanya A. Hughes
Regional Manager
CHRO
1057 Broad Street
Bridgeport, CT 06604

**RE:    RESPONSE TO CASE NO. *0020323 Regina M. Whilby v.*
STATE OF CONNECTICUT, DEPT. OF CHILDREN AND FAMILIES**

Dear Ms. Hughes:

Enclosed please find the Department of Children and Families' response to the above
referenced complaint.

In the interest of time, the Respondent is submitting this information *without* all of the
appropriate enclosures. DCF's Division of Human Resources is manually producing the
enclosures for no. 11f and 11g of the "Employment Schedule A." This information is
expected to be in our office next week. It will be sent out in a separate mailing by the end
of next week.

Thank you for your understanding.

Sincerely,

*Pearl M. Hill*

Pearl M. Hill
Affirmative Action Administrator

CC: Lovie Bourne, Assistant Commissioner
      File

# DEPARTMENT
## *of* CHILDREN
## *and* FAMILIES



JOHN G. ROWLAND    KRISTINE D. RAGAGLIA, Esq.
Governor    Commissioner

*Caring for Connecticut's Future*

May 24, 2000

Ms. Tanya A. Hughes
Regional Manager
CHRO
1057 Broad Street
Bridgeport, CT  06604

RE:    **RESPONSE TO CASE NO. *0020323 Regina M. Whilby v***
**STATE OF CONNECTICUT, DEPT. OF CHILDREN AND FAMILIES**

Dear Ms. Hughes:

Enclosed please find the Department of Children and Families' response to the above
referenced complaint.  Feel free to call me at 550-6303, if you have any questions.

### Case No. 0020323
### Regina M. Whilby v State of Connecticut, DCF

**I, Pearl M. Hill, Affirmative Action Administrator, Department of Children and
Families, am herewith forwarding responses to the above referenced complaint. I
swear that all items in the Department's answers to the Complaint Affidavit and
Schedule A Questionnaire(s), are truthful to the best of my knowledge and belief.**

**Oath**
**State of Connecticut**

**County of Hartford**                    **May 24, 2000**

**Personally appeared, Pearl M. Hill, and made oath to the truth of the above
statement before me.**

*Pearl M. Hill*

**Pearl M. Hill**                    **Notary Public**

**Affirmative Action Administrator**        **My Commission Exp.** _____

ELAINE E. LACOMB
*NOTARY PUBLIC*
MY COMMISSION EXPIRES DEC. 31, 2003

CC: Lovie Bourne, Assistant Commissioner
    File

STATE OF CONNECTICUT
*(860) 550-6300*
505 Hudson Street • Hartford, Connecticut 06106-7107
*An Equal Opportunity Employer*

# DEPARTMENT
## of CHILDREN
## and FAMILIES

*Caring for Connecticut's Future*

SOUTHWEST  REGION

## Case No. __0020323__

Regina M. Whilby  v  State of Connecticut, DCF

I, _Judith Kallen, Program Director_, during preparation of the Department of Children and Families' response to the above referenced complaint, have reviewed my responses to the section(s) of the complaint as it relates to me. I swear that all items in my answer to the complaint are true.

**Oath**
**State of Connecticut**

COUNTY OF _Fairfield_          DATE _May 18, 2000_

Personally appeared, _Judith Kallen_, and made oath to the truth of the above statement before me.

_Judith Kallen_                              _Beryl A. Kinston_

**Signature of Respondent**                  **Notary Public**

**BERYL A. KINSTON**
***NOTARY PUBLIC***
MY COMMISSION EXPIRES MAY 31, 2003

**My Commission Expires:**_____

STATE OF CONNECTICUT
*(203) 365-6200*

3885 MAIN STREET • BRIDGEPORT, CONNECTICUT  06606

*An Equal Opportunity Employer*

# DEPARTMENT
## *of* CHILDREN
### *and* FAMILIES

*Caring for Connecticut's Future*

SOUTHWEST   REGION

Case No. <u>0020323</u>

<u>Regina M. Whilby</u> v State of Connecticut, DCF

I, Dorothea Hamilton, Program Supervisor, during preparation of the Department of Children and Families' response to the above referenced complaint, have reviewed my responses to the section(s) of the complaint as it relates to me. I swear that all items in my answer to the complaint are true.

**Oath**
**State of Connecticut**

COUNTY OF _Fairfield_                DATE _May 18, 2000_

Personally appeared, <u>Dorothea Hamilton</u>, and made oath to the truth of the above statement before me.

_Dorothea S. Hamilton_                _Beryl A. Kinston_

**Signature of Respondent**                **Notary Public**

**BERYL A. KINSTON**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES MAY 31, 2003

**My Commission Expires:** _____

STATE OF CONNECTICUT

*(203) 365-6200*

3885 MAIN STREET • BRIDGEPORT, CONNECTICUT  06606

*An Equal Opportunity Employer*

# DEPARTMENT
## *of* CHILDREN
### *and* FAMILIES

*Caring for Connecticut's Future*

SOUTHWEST   REGION

Case No. <u>0020323</u>

<u>Regina M. Whilby</u> v State of Connecticut, DCF

I, Beverly Hubelbank, Social Work Supervisor, during preparation of the Department of Children and Families' response to the above referenced complaint, have reviewed my responses to the section(s) of the complaint as it relates to me.  I swear that all items in my answer to the complaint are true.

**Oath**
**State of Connecticut**

COUNTY OF <u>Fairfield</u>                      DATE <u>May 18, 2000</u>

Personally appeared, Beverly Hubelbank, and made oath to the truth of the above statement before me.

<u>Beverly Hubelbank</u>                      <u>Beryl A. Kinston</u>

**Signature of Respondent**                      **Notary Public**

BERYL A. KINSTON
*NOTARY PUBLIC*
MY COMMISSION EXPIRES MAY 31, 2003

My Commission Expires: _____

STATE OF CONNECTICUT
*(203) 365-6200*
3885 MAIN STREET ● BRIDGEPORT, CONNECTICUT   06606
*An Equal Opportunity Employer*

# DEPARTMENT
## *of* CHILDREN
## *and* FAMILIES

*Caring for Connecticut's Future*

SOUTHWEST  REGION

## Case No.  0020323

<u>Regina M. Whilby</u>  v  State of Connecticut, DCF

I,  <u>Carolyn Hamilton, Social Work Supervisor</u>, during preparation of the
Department of Children and Families' response to the above referenced complaint,
have reviewed my responses to the section(s) of the complaint as it relates to me.  I
swear that all items in my answer to the complaint are true.

### Oath
### State of Connecticut

COUNTY OF *Fairfield*                    DATE *May 18, 2000*

Personally appeared, *Carolyn Hamilton*,  and made oath to the truth of the above
statement before me.

**Signature of Respondent**

**Notary Public**

BERYL A. KINSTON
*NOTARY PUBLIC*
MY COMMISSION EXPIRES MAY 31, 2003

**My Commission Expires:**_____

STATE OF CONNECTICUT

*(203) 365-6200*

3885 MAIN STREET • BRIDGEPORT, CONNECTICUT  06606

*An Equal Opportunity Employer*

DEPARTMENT
 *of* CHILDREN
*and* FAMILIES

*Caring for Connecticut's Future*

## Case No. 0020323

Regina M. Whilby  v  State of Connecticut, DCF

I, James Desmond, Trainer, during preparation of the Department of Children and Families' response to the above referenced complaint, have reviewed my responses to the section(s) of the complaint as it relates to me. I swear that all items in my answer to the complaint are true.

Oath
State of Connecticut

COUNTY OF __Hartford__          DATE __5-18-00__

Personally appeared, *James Desmond*, and made oath to the truth of the above statement before me.

_James Desmond_

**Signature of Respondent**

_Pamela Williams_

**Notary Public**

**My Commission Expires:** __6-30-2000__

DEPARTMENT
*of* CHILDREN
*and* FAMILIES

*Caring for Connecticut's Future*

Case No. 0020323

Regina M. Whilby v State of Connecticut, DCF

I, Renee D. Hoff, Social Work Supervisor/Trainer, during preparation of the
Department of Children and Families' response to the above referenced complaint,
have reviewed my responses to the section(s) of the complaint as it relates to me. I
swear that all items in my answer to the complaint are true.

Oath
State of Connecticut

COUNTY OF  *Hartford*          DATE  *5-18-00*

Personally appeared, *Renee Hoff,* and made oath to the truth of the above
statement before me.

_____          _____

**Signature of Respondent**          **Notary Public**

**My Commission Expires:**  *6-30-2000*

STATE OF CONNECTICUT
505 HUDSON STREET • HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

# DEPARTMENT
## *of* CHILDREN
## *and* FAMILIES

*Caring for Connecticut's Future*

Case No. 0020323

Regina M. Whilby  v  State of Connecticut, DCF

I, Romelia D. Sharpe, Curriculum Manager, during preparation of the Department
of Children and Families' response to the above referenced complaint, have
reviewed my responses to the section(s) of the complaint as it relates to me.  I swear
that all items in my answer to the complaint are true.

Oath
State of Connecticut

COUNTY OF *Hartford*                         DATE  *5-24-00*

Personally appeared, *Romelia Sharpe,*  and made oath to the truth of the above
statement before me.

**Signature of Respondent**                    **Notary Public**

**My Commission Expires:**_____
ELAINE E. LACOMB
NOTARY PUBLIC
MY COMMISSION EXPIRES DEC. 31 2003

STATE OF CONNECTICUT

505 HUDSON STREET · HARTFORD, CONNECTICUT  06106-7107
*An Equal Opportunity Employer*

**Case No. 0020323 Regina M. Whilby v. State of Connecticut, Department of Children & Families**
**EEOC No. 16AA02180**

## EMPLOYMENT SCHEDULE A.

1. State of Connecticut, Department of Children and Families.

2. Bridgeport Regional Office, 3885 Main Street, Bridgeport, Connecticut 06606.

3 & 4. Respondent is a Regional Office of the State Of Connecticut Department Of Children and Families. Respondent's headquarters are at 505 Hudson Street, Hartford, Connecticut 06106.

5. Correspondence should be addressed to Kristine D. Ragaglia, Esq., Commissioner of the Department of Children and Families.

6. N/A

7. Pearl Hill, Affirmative Action Administrator, 505 Hudson Street, Hartford, Connecticut 06106.

8. Respondent had 3590 full-time total employees as of August 1999; there are 272 employees are at the Bridgeport Regional Office.

9. Please refer to Respondents' responses attached.

10. See enclosures 2,4,5.

11. a) 3/15/2000
   b) Complainant was separated during her working test period for misuse of state property in violation of DCF E-mail Guidelines policy, the Governors Policy On Computer Use and the State of Connecticut Public Records Administration and State Archives General Letter 98-1 regarding electric and voice mail.
   c) Carolyn Hamilton, Social Work Supervisor; White, female.
      Beverly Hublebank, Social Work Supervisor; White, female.
   d) Judith Kallen, Program Director; White, female.
      Dorothea Hamilton, Program Supervisor; White, female.
   e) See enclosure11.
   f) See enclosure 12.

1

g) See enclosure 13.

12. N/A

13. Rate of pay. See enclosure 1.

14. N/A

15. Respondent has provided answers to the complaint including documentation.

Case No. 0020323 Regina M. Whilby v. State of Connecticut, Department of
Children & Families
EEOC No. 16AA02180

## AFFIDAVIT

1.  Admit

2.  Admit

3.  Admit. See enclosure 1.

4.  Admit. See enclosure 1.

5.  Respondent is unable to admit or deny. Admit that Complainant never received a
    written performance evaluation, as written performance evaluations are not
    conducted during the first six and half weeks of employment. However,
    Respondent denies that Complainant's job performance was satisfactory as she
    violated DCF E-mail Guidelines policy, the Governor's Policy On Computer Use
    and the State of Connecticut Public Records Administration and State Archives
    General Letter 98-1 regarding electric and voice mail. Employee's job
    performance is constantly assessed during the employee's working test period.
    See enclosure 2.

6.  Admit. See Enclosure 3.

7.  Deny that Ms. Sharpe identified WWW.bluemountain.com,
    WWW.bearisland.com and WWW.yahoo.com as sites with which to become
    familiar. Admit that Ms. Sharpe instructed class participants to familiarize
    themselves with the information on web addresses. The purpose was for the
    trainees to gain familiarity with how addresses are formed to enable them to
    search for job related information when needed. Ms. Sharpe led the class in a
    discussion about how web addresses are created and how to determine the
    difference between the Internet and Intranet addresses. Many different sites were
    used as examples and references. In accordance with her instructions, Ms.
    Sharpe, as well as students, generated many sites. However, Ms. Sharpe did not
    instruct any member of her class in the **process** for accessing their Internet e-mail.
    At the beginning of "Introduction to PC" classes, students are informed of the
    various policies governing the use of computers as a state property. The
    "Introduction to Microsoft Windows NT Workstation 4.0," which is used as the
    manual for this course, clearly outlines acceptable use of DCF computers. Each
    student receives this manual. It clearly states that employees should not use state
    property for personal use.

3

Furthermore, "STOP" signs are posted on the desks and on the walls of the classroom instructing trainees in things they are not to do. If they need "to use a computer for DCF business, [they must] ask a trainer for assistance."

Complainant and others might have had the computer literacy to access their Internet e-mail. However, no one was given directions and/or told to access their Internet e-mail. The Complainant had the computer literacy and experience outside the training the DCF Training Academy was providing to know that she would need to enter her screen name and password in order to access her personal e-mail.

Additionally, teaching trainees/employees to access their e-mail would be teaching them how to violate DCF E-mail Guidelines policy, the Governor's Policy On Computer Use and the State of Connecticut Public Records Administration and State Archives General Letter 98-1 regarding electric and voice mail. To do so would be against procedure as outlined in the manual. See enclosure 4.

8. Deny. Ms. Sharpe denies that she permitted trainees to check their personal e-mail or print information that was not job related. Ms. Sharpe further denies that she was looking on while members of the class printed out material that was not work related. Also, this was a mandatory 15-minutes break, as required under Union contract, Article 17, Section Five, of the Social and Human Services (P-2) Bargaining Unit. Most trainees were away from their workstation during this period. Therefore, "the entire class" could not and was not in the classroom as Complainant is stating. See enclosures 4,5.

9. Admit with correction. Mr. Desmond instructed this course, however, it was on March 8, 2000, not March 9, 2000 as reported by the Complainant. See enclosure 6.

10. Deny. Mr. Desmond denies that he instructed, or would have instructed, the class to access the Internet to check on their e-mail. According to Mr. Desmond, classes (trainees) are specifically instructed concerning personal use of DCF computers. The purpose of these instructions is to arm trainees, as new employees, with the knowledge of these limitations so that they will know what is appropriate and what is not appropriate when they are performing their job. At no time were students given permission to access their Internet e-mail in compliance with DCF E-mail Guidelines policy, the Governor's Policy On Computer Use and the State of Connecticut Policy. Mr. Desmond stated also that, at the beginning of "Introduction to PC" classes, students are informed of the various policies governing the use of computers as a state property.

Like Ms. Sharpe, Mr. Desmond did not instruct any member of his class in the process for accessing their e-mail from the Internet. This would be a violation of

the policies they are required to instruct and enforce. The "Introduction to Microsoft Windows NT Workstation 4.0" manual outlines acceptable use of DCF computers. Each student receives this manual that clearly states that employees should not use state property for personal use. See enclosure 4.

11. Admit. See enclosure 7.

12. Respondent is unable to admit or deny. Ms. Sharpe denies any trainee accessing their e-mail with or without her knowledge. Ms. Sharpe stated that, upon her announcement that the class will be taking their break, she recalls a participant who was navigating to the "yahoo" web site to map out **directions** to a client's home, **asking** Ms. Sharpe if she could print the information. Ms. Sharpe consented and allowed the student to print the information as it was related to her job.

Admit that Ms. Sharpe advised all students not to use the Internet or Intranet during their break. This was because she learned from Jim Desmond that a participant accessed her Internet e-mail and also printed information that was considered culturally insensitive. See enclosure 8.

13. Admit. See enclosure 8,9.

14. Respondent is unable to admit or deny. Admit that Complainant attempted to reason with Ms. Hublebank, Hamilton and Kallen when she was notified that her employment with the department was being separated for misuse of state property. Ms. Whilby's discipline was in accordance with **her conduct and performance** in violation of DCF E-mail Guidelines policy, the Governor's Policy On Computer Use and the State of Connecticut Public Records Administration and State Archives General Letter 98-1 regarding electric and voice mail. See enclosures 2,8.

15. Respondent is unable to admit or deny. Admit that the Complainant was separated for her conduct, misuse of state property. Deny that the subject matter of the e-mail was considered or addressed as the reason for that separation. See enclosures 2,8.

16. Deny. Complainant's termination was legally justified and the rationale for that termination was explained to her. The Complainant was separated during her working test period for misuse of state property in violation of DCF E-mail Guidelines policy, the Governor's Policy On Computer Use and the State of Connecticut Public Records Administration and State Archives General Letter 98-1 regarding electric and voice mail. According to both Ms. Sharpe and Mr. Desmond, they were not aware of any other trainee using the Internet and/or printing personal information during the class period. See enclosures 2,8,9.

5

17. Deny. Jeff Smythe e-mailed a worker **in a class adjacent to him** using the DCF internal e-mail network, NOT from the Internet as Complainant is stating. James Desmond, the instructor, told him not to do it again. Mr. Desmond stated that it is possible for trainees to access other sites while he is instructing the class, including restricted sites. However, he is not aware of anyone accessing other sites and no other trainee has printed information from these sites. When information is printed, the teacher hears and/or sees the material being printed and he/she retrieves it from the printer, not a student. See enclosures 2,8,9.

18. Respondent is unable to admit or deny. Admit that Beverly Hublebank, Dot Hamilton and Lyn Hamilton met with Trainees on March 20, 2000. The purpose for this meeting was to address the anxiety that all trainees might be feeling related to Ms. Whilby's departure from the agency and to review the policy with regard to the use of state property and equipment. All staff members have stated that, at no time, were the specific reasons for Ms. Whilby's termination discussed with the other trainees. Respondents also admit that at this meeting, other trainees stated that they had also used the Internet in training sessions.

However, Respondents deny the statement that "... they had done so freely without warning of or fear of discipline." Both Ms. Sharpe and Mr. Desmond instructed trainees in the appropriate use of the computer according to the manual and the various policies governing computer usage as state property. Overall, no trainee was ever instructed or ever allowed to access the Internet and/or use the computer to access information for their personal use.

19. Deny. Ms. Hoff denies that the reason for Ms. Whilby's termination was based on a discussion that took place in a Cultural Diversity Training course that Ms. Hoff instructed. To reiterate, Ms. Whilby was separated from employment during her working test period based on her misuse of state property and not based on any discussion she had in the Cultural Diversity Training or other classes. See enclosure 10.

20. Respondent is unable to admit or deny this claim. Ms. Whilby attended Pre-service Cultural Diversity Training on February 23rd and February 24th, 2000. Ms. Whilby was an active participant and was highly engaged in both classes. The purpose of the class was to encourage trainees to become aware of their own prejudices and biases. During the sessions, trainees were asked to discuss a variety of issues relating to cultural diversity. See enclosure 10.

21. Respondent is unable to admit or deny. Ms. Hamilton, Program Supervisor, does not recall the incident. However, Ms. Hamilton is not their supervisor, but their supervisor's supervisor- a Program Supervisor. Also, the process for approval of overtime is that the direct supervisor, Beverly Hublebank, sign the timesheets first. The overtime sheets are then given to the Program Supervisor, Ms Hublebank's supervisor, for final approval. Given that Ms. Whilby and her

African American co-trainee started employment on January 28, 2000 and this "incident" occurred in February 2000, they must not have been aware of the procedure(s) for getting their overtime sheet approved. Ms. Hamilton could not have signed their timesheets for overtime immediately; Ms. Hamilton would have to give the timesheets to the immediate supervisor, Ms. Hubblebank, or have the two trainees give them to Ms. Hublebank themselves.

22. Respondent is unable to admit or deny. Ms. Hamilton, Program Supervisor, does not recall the incident. It is very plausible that Ms. Hublebank signed the timesheets for the two (2) other Caucasian co-trainees "on the spot while they stood in her office" because she is the supervisor, not the Program Supervisor.

23. Respondent is unable to admit or deny. Ms. Hoff is an African American Trainer at the DCF. Ms. Hoff stated that she vaguely recalls a discussion around signing a timecard. The incident was mentioned as casual conversation and she is unable to recall the exact details of the conversation, except that it was brief. To the best of her recollection, the discussion was not very detailed.

According to Ms. Hoff, during the training, Ms. Whilby had a verbal exchange with another member in the group, Jeff Smythe. During this exchange, the two trainees had a difference of opinion regarding a cultural matter. As a trainer, she felt the comments made by Ms. Whilby were offensive towards Mr. Smythe and she asked Ms. Whilby to be respectful of his feelings and encouraged her to apologize. She agreed and understood that Mr. Smythe's statement was controversial, but it was his opinion. Ms. Hoff stated that she encourages participants to discuss their feelings and to be honest, as long as they are respectful of other participants.

24. Respondent is unable to admit or deny. Respondent's termination was effective March 15, 2000, not March 20, 2000. Respondent is unsure to which supervisor Complainant is referring. Ms. Hoff stated that ground rules are set at the beginning of class in regards to respect and sensitivity. She does this by utilizing the ROPES method. Each letter stands for a quality that must be practiced in the course. They are: R-Respect; O-Openness; P-Participation; E-Educate; S-Sensitivity. Ms. Hoff, Trainer, also makes it clear to the class on the first day, within the first hour, that she wants the class to be a safe environment, allowing participants to feel free to voice their opinion. Ms. Hoff further explained to the class to keep the information discussed in the class within the walls of the classroom because the information is confidential. However, if this information and/or discussion were taken outside of the classroom, there is no violation of DCF and/or state policy. There is also no way of knowing and/or Tracking with whom and where this information was discussed.

25. Deny. Ms. Hamilton and Ms. Hubelbank vehemently deny that they had any knowledge of what transpired in the Cultural Diversity Training. Therefore, they could not be upset about an incident of which they had no knowledge. As the

7

trainer, Ms. Hoff stated she wants the class to be a safe environment, allowing participants to feel free to voice their opinion. Ms. Hoff further explained to the class to keep the information discussed in the class within the walls of the classroom because the information is confidential.

Respondent vehemently denies that there was any discriminatory conduct, blatant or otherwise. If the Complainant is referring to the "incident" with the timecard as discriminatory, it should be noted that there seemed to be an error in protocol on the part of the complainant and her African American co-trainee. The supervisor must first sign the timesheet before the Program Supervisor signs off.

26. Respondent is unable to admit or deny. Complainant was "separated from the department because of her misuse of state property." Beverly Hublebank, Dot Hamilton and Lyn Hamilton met with Trainees on March 20, 2000 to address the anxiety that all trainees might be feeling related to Ms. Whilby's departure from the agency. However, at no time were the specific reasons for Ms. Whilby's termination discussed with the trainees.

Finally, Respondent is unaware of what Complainant is feeling emotionally, how her emotions might impact on her physically and if she is seeking any medical treatment. See enclosures 2,4,8,9.

COMPLAINANT'(s) / RESPONDENT(s)'

"CERTIFICATION OF MAILING FORM"

Case No. _0020323_

I hereby certify that I served a copy of the enclosed document(s)

by []hand delivery, []U.S. Mail []other on the []Respondent;

[]Complainant or their attorney named below:


_REGINA M. WHILBY_
Name

_94 LIBERTY STREET, UNIT 9_
Address

_STAMFORD CT 06902_
City,State,Zip


_Pearl M. Hill_
Signed

_May 24, 2000_
Date


F004

(203) 324-2810

| | | |
|---|---|---|
| FORM 5905 | TITLE SOC WKR SHS | |
| CHARG. UNIT P2 | NAME WHILBY, REGINA M. | |
| CUS.MAINT. | | |

SS# 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   AI   RET PLAN Q   1/1

TAX $20.00   CT $210.00   SAL $HAN   SEFY   OFFICE BRIDGEP
W4   S-0   CTW4 B   SAL.GP 18   STEP 1   FUNC. 001-021-

| 2000 | GROSS PAY | TSA/DEF | DEN-TAL | HMO MM | GLI | CR UNION | COL LIFE | BONDS | GARN | TC RET | DUES/FEES | REMARKS | OVERTIME | | | | SHIFT DIFF | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | HR | RATE | CASH | HR | RATE | CASH | HR | RATE | CASH | HR |
| 17 Dec | | | | | | | | | | | | | | | | | | | | | |
| 30 Dec | | | | | | | | | | | | | | | | | | | | | |
| 31 Dec | | | | | | | | | | | | | | | | | | | | | |
| 13 Jan | | | | | | | | | | | | | | | | | | | | | |
| 14 Jan | | | | | | | | | | | | | | | | | | | | | |
| 27 Jan | | | | | | | | | | | | | | | | | | | | | |
| 28 Jan | 12,444.16 | 3.18 | 4.22 | | | | | | | | 11.79 | 72 hrs. capllny ob | 17.28 | | | | | | | | |
| 10 Feb | | | | | | | | | | | | set up 100 | | | | | | | | | |
| 11 Feb | | | | | | | | | | | | | | | | | | | | | |
| 24 Feb | 13,388.09 | | | | | | | | | | | | 31/2 | 2592 | 9292 | | | | | | |
| 25 Feb | | | | | | | | | | | | | | | | | | | | | |
| 9 Mar | 44.72 | petty cash share 90 cancelled Unl/Equmes90 | | | | | | | | | 24 hr.DDbegin ret is 318 | | 3.00 | 2592 9796 13/12 2592 9292 = 112896 +12.94 | | | | | | 3.04 159 | |
| 10 Mar | | | | | | | | | | | | | | | | | | | | | |
| 23 Mar | | | | | | | | | | | | | | | | | | | | | |
| 24 Mar | | | | | | | | | | | | | | | | | | | | | |
| 6 Apr | | | | | | | | | | | | Close 160 | made term | eq 3/15/00 | unsatisfactory | | | | | | |
| 7 Apr | | | | | | | | | | | | | | | | | | | | | |
| 20 Apr | | | | | | | | | | | | | | | | | | | | | |
| 21 Apr | | | | | | | | | | | | | | | | | | | | | |
| 4 May | | | | | | | | | | | | | | | | | | | | | |
| 5 May | | | | | | | | | | | | | | | | | | | | | |
| 18 May | | | | | | | | | | | | | | | | | | | | | |
| 19 May | | | | | | | | | | | | | | | | | | | | | |
| 1 June | | | | | | | | | | | | | | | | | | | | | |
| 2 June | | | | | | | | | | | | | | | | | | | | | |
| 15 June | | | | | | | | | | | | | | | | | | | | | |
| 16 June | | | | | | | | | | | | | | | | | | | | | |
| 29 June | | | | | | | | | | | | | | | | | | | | | |
| 30 June | | | | | | | | | | | | | | | | | | | | | |
| 13 July | | | | | | | | | | | | | | | | | | | | | |
| 14 July | | | | | | | | | | | | | | | | | | | | | |
| 27 July | | | | | | | | | | | | | | | | | | | | | |
| 28 July | | | | | | | | | | | | | | | | | | | | | |
| 10 Aug | | | | | | | | | | | | | | | | | | | | | |
| 11 Aug | | | | | | | | | | | | | | | | | | | | | |
| 24 Aug | | | | | | | | | | | | | | | | | | | | | |
| 25 Aug | | | | | | | | | | | | | | | | | | | | | |
| 7 Sept | | | | | | | | | | | | | | | | | | | | | |
| 8 Sept | | | | | | | | | | | | | | | | | | | | | |
| 21 Sept | | | | | | | | | | | | | | | | | | | | | |
| 22 Sept | | | | | | | | | | | | | | | | | | | | | |
| 5 Oct | | | | | | | | | | | | | | | | | | | | | |
| 6 Oct | | | | | | | | | | | | | | | | | | | | | |
| 19 Oct | | | | | | | | | | | | | | | | | | | | | |
| 20 Oct | | | | | | | | | | | | | | | | | | | | | |
| 2 Nov | | | | | | | | | | | | | | | | | | | | | |
| 3 Nov | | | | | | | | | | | | | | | | | | | | | |
| 16 Nov | | | | | | | | | | | | | | | | | | | | | |
| 17 Nov | | | | | | | | | | | | | | | | | | | | | |

ENCLOSURE 1

# DEPARTMENT
## *of* CHILDREN

*Caring for Connecticut's Future*

## *and* FAMILIES

**REVISED**

January 19, 2000

Ms. Regina M. Whilby
94 Liberty Street Unit 9
Stamford, CT  060902

Dear Ms. Whilby:

This will confirm our offer of employment with the Department of Children and Families as a Social Worker Trainee, effective Friday, January 28, 2000, at a biweekly salary of $1,382.07 based on 80 hours biweekly. As you are aware, this offer is contingent upon successful completion of a pre-placement physical examination and drug screen and on our findings following the completion of the LINK Check which has been discussed with you previously. In addition, your permanent appointment to this position is also contingent upon successfully completing a working test period.

Enclosed find the LINK Check Form, Affirmative Action Form and self-addressed envelope. <u>You must immediately complete the LINK Check Form and the Affirmative Action Form in its entirety, sign and date the form and return it in the enclosed envelope.</u> The return envelope must be postmarked within five (5) working days from the date of this letter and received in our office by «linckcheckreturn». Failure to return the LINK Check Form will result in the Department's rescinding our offer of employment to you.

The Physical examination includes a general physical exam, a urinalysis drug screen and a two (2) step TB Mantoux test, which is repeated approximately two (2) weeks after the initial test. The Department has contracted with the Industrial Health Care Company (IHC) to perform the exams. It will be necessary for you to return to IHC within 48-72 hours to have the Mantoux test interpreted. Your physical exam and drug screen will be scheduled for you. A Photo I. D. is required. Human Resources will be in contact with you by phone to let you know the date, time and location of your appointment. It is your obligation to contact Sabrina Betts (one week prior to your start date) in Human Resources at 550-6484 if you don't hear from us confirming the scheduling of your Pre-employment Physical. Directions are enclosed. **If you need to reschedule, it is your responsibility to contact Industrial Health Care at least 24 hours in advance of your scheduled appointment and to contact Sabrina Betts to notify the Department of Children and Families of the change in appointment.** <u>Please note, if delaying your physical examination makes it necessary to change your effective date of employment, I will contact you.</u>

Please report to the Department of Children and Families - Human Resources Division, 505 Hudson Street, 8th Floor, Hartford, Connecticut, on Friday, January 28, 2000, at 8:00 a.m., for new employee orientation. This process consists of receiving information on your benefits and your employment with the Department of Children and Families as well the completion of forms for payroll processing, fingerprinting and having your ID picture taken.

*It will be necessary for you to bring a copy and the original of the following to your new employee orientation:*

1) Your driver's license;
2) Your social security card;
3) The social security number for any dependents to be covered on your health insurance;
4) The social security number for the beneficiary of your retirement plan;
5) Any current medical insurance information; and
6) Any occupational licenses or proof of educational credentials (copy of diploma or official course transcript) that you have claimed on your application, if you have not already provided these during the recruitment process.

To facilitate the new employee orientation process, I have enclosed some forms for you to complete and bring with you (instructions are included). Also, please review the enclosed information on the insurance plans available to you as a State employee. You will be selecting your benefits at orientation. At the conclusion of the orientation process, you will report to Judith Kallen, Program Director, at our Bridgeport Office.

As you are aware from our previous discussion, the Department of Children and Families maintains a policy of verifying the information presented to us on your application for employment and during subsequent interviews. All offers of employment, therefore, are conditional upon these verification procedures. Normally, such procedures are completed within three (3) months of date of hire.

If you have any questions regarding your employment, please feel free to contact me at (860) 550-6497. We look forward to having you join our staff.

Sincerely,

Elizabeth Boria-Cross
Personnel Officer
Enclosures

EBC/ebc
cc:     Mary Solera, Regional Administrator
        Judith Kallen, Program Director
        Business Office - Bridgeport
        Payroll – Cynthia Sailor
        Personnel File – Ms. Whilby