# DEPARTMENT of CHILDREN and FAMILIES

*Caring for Connecticut's Future*

December 7, 1999

Mr. Alex Ofray
59 Roosevelt Boulevard
Enfield, Connecticut 06082

Dear Mr. Ofray:

This will confirm our discussion on December 2, 1999, in which you were advised that you are being dropped during your working test period effective December 16, 1999, close of business. This decision was based on continued performance deficiencies. You will be placed on Administrative Leave effective December 2, 1999 through December 16, 1999.

You have the right to a Sperl Conference with Ms. Wanda Estrella, Director of Human Resources, (860) 550-6491 to appeal this administrative action. You must request the Sperl Conference within 10 days of receipt of this letter.

Please return any Department of Children and Families property, i.e., identification, access cards to parking or buildings, etc. to:

Jeanette Perez
DCF-Human Resources
505 Hudson Street
Hartford, CT 06106

Sincerely,

Jeanette Perez
Principal Personnel Officer

JP

Original - Certified Mail # Z 4716 330 778
Copy - Regular mail
cc:   Personnel File
      J. Lachapelle
      H. Dewilde
      Payroll

# DEPARTMENT of CHILDREN and FAMILIES
## REGION I

*Caring for Connecticut's Future*

March 21, 2000

Mr. Benjamin J. Ohene
52 Foxan Hill Road
New Haven, CT 05517

Dear Mr. Ohene:

This is to notify you that effective Monday, April 3, 2000 close of business you are being dismissed from state service. Although you will be paid from March 21, 2000 through this date, you are not to report to work except to pick up your personal property and return any state property in your possession.

This action is predicated on your serious misconduct involving clients of the Bridgeport Regional Office. On at least three separate occasions you made false entries into an official departmental record, and were less than forthright during the investigation. Based on the investigation into this matter it was determined that you violated the DCF Code of Conduct Policy 31-8-8- Case Narrative Requirements, DCF Policy 7-4-3.5 Professional Conduct, and DCF Policy 7-4-3.1, Neglect of Duty and Employee Responsibilities. It was also concluded that you were neglectful of duty (5-240-1(c)11), and engaged in activities which are detrimental to the best interests of the agency and the state (5-240-1 (c) 13) which constitute just cause for dismissal under the Connecticut General Statutes.

In addition, during the two most recent rating periods your job performance has been unsatisfactory. To briefly recap, on August 10, 1999 you received a letter of warning regarding your continued failure to complete required work in a timely manner and continued poor attendance/tardiness. On September 29, 1999, you received a letter of reprimand for failure to cooperate regarding an assigned case. Also on September 29, 1999 you received an unsatisfactory service rating based on quantity of work and very poor cooperation. Since that time your work has continued to deteriorate.

Based on the Agency's grave concerns over aforementioned cases and the risk to the safety of the children on your caseload, your manager conducted an extensive review of your assigned caseload. Ultimately, this review uncovered deficiencies in virtually every assigned case. Since your previous service rating you have been provided guidance and remediation, counseled, and warned relative to your unacceptable job performance but to no avail. As a consequence, this Agency is compelled to issue a second consecutive unsatisfactory service rating. As provided by State Regulations two successive unsatisfactory service ratings, if filed within two years of each other (5-240-1 (c) 5), also provides just cause for dismissal.



STATE OF CONNECTICUT
(203) 365-6200   •   (203) 838-0457 *Norwalk Unit*

3885 MAIN STREET • BRIDGEPORT, CONNECTICUT 06606

*An Equal Opportunity Employer*

January 13, 1999

Mr. Thomas Pantaleo
44 Wall Street
Coventry, CT 06238

Dear Mr. Pantaleo:

This letter is in receipt of your request for an extension of your medical leave of absence. The anticipated time period of this additional request is from January 11, 1999 to February 8, 1999.

The correspondence dated December 8, 1998 indicated that a request for leave for any reason is subject to review and approval by the Department. The purpose of this letter is to advise you that your request for an extension of your medical leave of absence is being denied.

As you are still serving your initial probationary period with the agency, your separation from service will be recorded as a drop in your working test period. However, due to the circumstances of your being on a medical leave, should you wish to change your status to a resignation, the Department would be willing to honor that request.

Should you have any questions, or need further information, please do not hesitate to contact me.

Sincerely,

Lynn F. Paton
Human Resources

cc:  Carol Ganick, Human Resources
     Karen Miskunas, Program Supervisor
     George Mandalos, M.D., Institute of Living
     Personnel File ✓



May 11, 1998

Rose Persico
55 Rising Trail Drive
Middletown, CT. 06457

Dear Ms. Persico:

As we discussed earlier today, the agency has decided to terminate your employment via a drop while in your Working Test Period effective this date.

This action is not a disciplinary act but reflects a decision based upon a belief that an individual experiences with this agency prior to employment may preclude the individual's ability to make decisions and excercise judgement consistant with agency objectives and philosophy.

If you wish to appeal this decision, you may request a Sperl conference with the Agency Personnel Administrator, Wanda Estrella, who may be contacted at 550-6490.

Sincerely,

Lee Askern

cc: Personnel file

CHILDREN
and FAMILIES

July 6, 1999

Ms Pamela Prescott
399 Main Street
Newington, Connecticut 06111

0864 2305 237

Dear Ms. Prescott:

This will confirm your oral notification on July 2, 1999 that your are being dropped during your initial working test period as a Youth Services Officer with the Department of Children and Families-Long Lane School, effective July 16, 1999, close of business. You will be placed on administrative leave effective July 2 through July 19.

This decision was made based on your serious lapse in judgment. Specifically, you were counseled regarding concerns on boundaries with a particular Long Lane School resident. After this counseling, you encountered him in an off duty incidental meeting and exercised poor judgment by allowing him to ride in your vehicle. This behavior constitutes a violation of the very purpose of our Staff/Child/Family Relationships policy which was previously provided to you.

You have the right to request a Sperl Conference for a review of this administrative decision with the Ms. Wanda Estrella, Director of Human Resources within ten (10) days of receipt of this letter. Ms. Estrella may be contacted at (860) 550-6491.

If you have not already done so, please return all Department of Children and Families property and your identification badge to Dr. Douglas McAvay immediately.

Sincerely,

Jeanette Perez
Principal Personnel Officer
(860) 550-6488

JP

cc:   File ✓
      J.Lachapelle
      D.McAvay
      S.Phillips

STATE OF CONNECTICUT
505 HUDSON STREET • HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

November 13, 1999

Mr. Julio Reyes
22 Selldan Street
West Hartford, Connecticut  06110

Dear Mr. Reyes:

This letter is to confirm that your service as a Children Services Assistant (part-time) with the Department of Children and Families terminates effective November 13, 1999, close of business. The decision to terminate your service during your working test period rests on poor work performance.

The letter addressed to you dated April 23, 1999, states permanent employment is contingent upon successfully completing a working test period. You failed the requirement to successfully complete the working test period.

You will receive two weeks administrative leave pay in accordance with state regulations. This will be the equivalent of two weekends.

You have the right to request a Sperl Conference for a review of this decision with the Agency Personnel Administrator within ten (10) days of receipt of this letter. Please contact Ms. Wanda Estrella at telephone number 860-550-6490 to arrange for a Sperl Conference.

Sincerely,

Michael Wood
Principal Personnel Officer
550-6493

cc:     Joyce Welch, Superintendent
        Sharon Gaddy, Personnel Officer/Affirmative Action Officer
        Alfonso Mims, District 1199 Organizer
        Personnel File
        Payroll Division

# DEPARTMENT of CHILDREN and FAMILIES
NORTH CENTRAL REGION

*Caring for Connecticut's Future*

October 12, 1999

Lisa Rodriguez
133 Glendale Avenue
Hartford, CT 06106

Dear Ms. Rodriguez:

This letter is to inform you
a Clerk Typist with the De
based on falsification of yo
date of your drop during w
business).

You may request an admir
Personnel Administrator, 1
floor, Hartford, CT, 06106
and received by Ms. Estre
your drop during working

Your final paycheck will 1
all state property prior to 1

Sincerely,



Susan Bombardier
Program Director

cc:   Leticia Lacomba,
      Trish Krayeski, Human Resources ✓
      Personnel File

*handwritten notes:*

Regina Wilbey   2000
                1977
List of ee's who
committed similar   23
offense + what
discipline

ee — Name, class, race, color,

ee's dismissed w/in
past two years —
name, class, reason, date,
race, color
provide copy of dismissal
letter for each person.

STATE OF CONNECTICUT
(860) 533-3600
MANCHESTER PARKADE • 364 WEST MIDDLE TURNPIKE
MANCHESTER, CONNECTICUT 06040
*An Equal Opportunity Employer*

# DEPARTMENT of CHILDREN and FAMILIES

*Caring for Connecticut's Future*

Oct. 15, 1999

Alicia Rubio
252 Willow St.
Waterbury, CT 06710

Dear Ms. Rubio:

This letter is to serve as your official notification that effective October 14, 1999, you were terminated from state service for just cause. This action is in compliance with your collective bargaining unit agreement and Administrative Regulations Sec. 5-240-5a and 5-240-8a. You were placed on paid administrative leave effective August 12, 1999. The subsequent shall serve as your working notice period.

Several witnesses claim that on August 5, 1999, you were in Waterbury Superior Court on personal business. While in court, in the presence of the presiding judge, other court officials, an attorney and courtroom spectators, you assaulted a visibly pregnant woman as she was attempting to leave the court room. Your actions resulted in your arrest.

During your Loudermill hearing held on Oct. 14, 1999, you denied assaulting anyone. In view of the preponderance of evidence to the contrary, we believe the allegation is accurate and constitutes "Just Cause" as specified in the following Administrative Regulations:

- 5-240-1a© 4. Offensive or abusive conduct toward the public, co-workers, or inmates, patients or clients of State institutions or facilities.
- 5-240-1a© 8. Deliberate violation any law, state regulation or agency rule.
- 5-240-1a© 13. Engaging in any activity which is detrimental to the best interests of the agency or of the state.

You have the right to appeal this action under the terms of our labor agreement.

Sincerely,

Darlene Dunbar, Regional Admin.

Lee Askern, Prin. PO

CC:  Sal Luciano
     file

STATE OF CONNECTICUT
505 HUDSON STREET • HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

May 7, 1999

Kelly Russell
110 Hobart Street, 1st floor
New Haven, CT 06511

Dear Mr: Russell:

This letter is to inform you that you are being disciplined for just cause as a result of your misconduct and are being dismissed from state service.

Specifically, you admitted to making personal phone calls with the state issued cellular telephone and calling card. Many of these telephone calls were made during work hours where you received compensation as a state employee.

Next, we have evidence you used the state issued Mobil credit card on days scheduled off from duty and purchases were made outside of your typically scheduled work hours. There were also out of state purchases made with your state issued Mobil credit card and gas purchases which exceeded the maximum gallon capacity of your assigned state vehicle.

Additionally, you admitted to using the assigned state vehicle in order to commute to a non-state related second job. Also, you did not accurately report mileage on the assigned state vehicle.

Your employment with the Department of Children and Families will be terminated effective close of business of May 21, 1999. Effective immediately, you are to vacate the premises and are not to report to duty at Long Lane School.

You must return all DCF property in your possession to Assistant Superintendent John Watts. You are further advised that you are not to have any contact with any of your past or present DCF clients.

You may make arrangements with the agency's payroll department for proper delivery of any remaining paycheck(s). They may be contacted at (860) 550-6502.



STATE OF CONNECTICUT
Phone: (203)
170 LONG LANE, P. O. BOX 882 • MIDDLETOWN, CONNECTICUT 06457
*An Equal Opportunity Employer*

Page 2 (K. Russell)

You are hereby notified of your right to appeal this action in accordance with your collective bargaining agreement.

Sincerely,

*John D. Lachapelle*

John D. Lachapelle
Superintendent

_____    _____
Received by (K. Russell)              Date Received

_____    _____
Witnessed by                          Date Witnessed

cc:   J. Watts, Asst. Superintendent
      N. Tuder, Program Supervisor
      T. Krayeski, PPO
      A. Mikulak/Personnel File



**DEPARTMENT of CHILDREN and FAMILIES**
REGION I

November 1, 1999

Ms. Janey Savage-Johnson
314 Fairfax Road
Bridgeport, Connecticut 06610

Dear Ms. Savage-Johnson:

This letter is to advise you that you are being dismissed from state service effective November 15, 1999, close of business. This action is being taken for just cause and is in compliance with Connecticut Administrative Regulations 5-240 and your collective bargaining agreement.

As indicated to you at the Loudermill Conference on October 26, 1999 the Department received two threatening letters on July 15 and 21, 1998. As a result, CT State Police conducted an investigation and concluded your involvement. Your actions constitute a violation of Connecticut Administrative Regulations 5-240-1a.(c)4: Offensive or abusive conduct toward the public, co-worker or inmates, patients or clients of state institutions or facilities and 5-240-1a.(c)13: Engaging in any activity which is detrimental to the best interests of the agency or of the state.

Consistent with Connecticut Administrative Regulations 5-240, you were afforded an opportunity to respond to these charges and did not provide any information. As a result, the Department has made the decision based on the evidence available and determined there is reasonable concern for the safety of staff and that your continued employment poses significant risks.

Please immediately return your employee identification and any other DCF property via mail to the attention of Jeanette Perez, Principal Personnel Officer, DCF Human Resources, 505 Hudson Street, Hartford, CT 06106. Please contact Kathy Bahe or myself to make delivery arrangements of any of your personal belongings remaining at the office.

Please be advised that you must seek prior approval by DCF administration to gain access to any DCF facility or office.

You have the right to appeal this action in accordance with your collective bargaining agreement.

Sincerely,

Mary Solera
Mary Solera
Regional Administrator

Original - Certified Mail # Z482161890
Copy - Regular Mail
cc:     Personnel File
        K.Bahe
        S.Luciano Certified Mail # Z482161751



STATE OF CONNECTICUT
(203) 365-6200  •  (203) 838-0457 Norwalk Unit
3885 MAIN STREET • BRIDGEPORT, CONNECTICUT 06606
*An Equal Opportunity Employer*

**CHILDREN** *and* **FAMILIES**
**LONG LANE SCHOOL**

December 7, 1999

Mr. Thomas J. Siniscalco
36 Grove Street
Cheshire, Connecticut 06410

Dear Mr. Siniscalco:

This letter is to advise you that you are being dismissed from state service as a Youth Services Officer at Long Lane School effective December 21, 1999, close of business. This action is being taken for just cause and is in compliance with Connecticut Administrative Regulations 5-240 and your collective bargaining agreement.

At the investigatory meeting on November 30, 1999 you admitted establishing an inappropriate personal relationship with a female resident of Long Lane School. Your actions constitute a violation of:

DCF Policy 7-4-3.5 Employee Conduct: Staff/Child/Family Relationships,
DCF Long Lane School Policy 180 Staff and Resident Relationships, and
Connecticut Administrative Regulations 5-240-1a.(c)13: Engaging in any activity which is detrimental to the best interests of the agency or of the state.

Consistent with Connecticut Administrative Regulations 5-240, you were afforded an opportunity to respond to these charges at the Loudermill Conference and did not provide any mitigating information.

Please immediately return your employee identification and any other DCF property via mail to my attention.

You have the right to appeal this action in accordance with your collective bargaining agreement.

Sincerely,

John D. Lachapelle
Superintendent

Original - Certified Mail # P 202 393 852
Copy - Regular Mail
cc:     Personnel File
        R. Brooks
        S. Luciano (Certified Mail # P 202 393 853 )

STATE OF CONNECTICUT
(860) 344-
P.O. BOX 882 MIDDLETOWN, CONNECTICUT 06457
*An Equal Opportunity Employer*

May 1, 1998

Mr. Jonathan Smith
440 Front Street
New Haven, Connecticut  06513

Dear Mr. Smith:

This is your official notification that you are dismissed from your position as a Custodian at High Meadows of the Department of Children and Families effective May 14, 1998, close of business. This letter confirms the oral notification that was given to you at the conclusion of your Loudermill Hearing on April 29, 1998. This action is taken for just cause in compliance with your collective bargaining agreement and administrative regulations 5-240-5a and 5-240-8a (b). This action is taken due to your serious misconduct which affects the safety and welfare of our clients and staff and your failure to cooperate with the terms of a **"One Last Chance"** agreement endorsed January 16, 1998.

On Monday, April 13, 1998, an investigatory review meeting was held with you and your union representatives. At that meeting, the union advised that your attorney advised you not to discuss the incident on or about April 6, 1998, due to the criminal charges pending. On Friday, April 17, 1998, another investigatory review meeting was held with you and your union representatives. Once again, the union advised that your attorney advised you not to discuss the incident due to the criminal charges pending.

At these meetings, information was shared with you and your union representatives including a copy of the incident report completed by the High Meadows school principal. According to the incident report on or about April 6, 1998 at 8:40 a.m. on the walkway in front of the school, the principal asked, "how are you?". You replied "not good, I'm going to get a gun and blow some people away. You further indicated to the principal, "but not you, you're a nice guy, I want you to see the misery".

On April 29, 1998 a Loudermill Hearing was conducted with you and your union representative. During this meeting, you were given the opportunity to respond to the charges and the evidence against you. You responded that you were innocent of what the incident report describes you saying. In essence, you disputed the account given by the school principal.

Based on our administrative investigation, we have concluded that you did make a statement having the purpose or effect of creating an intimidating, hostile or offensive work environment. Such conduct is prohibited under the DCF Acts of Discrimination and Sexual Harassment Policy and the DCF policies on Employee Conduct: Staff/Child/Family Relationships and Neglect of Duty.

You violated the terms of a **"one last chance"** agreement which states in part: **Mr. Smith recognizes that his failure to abide by the terms of the written warning dated May 27, 1997, regarding cooperativeness will result in his dismissal. Mr. Smith must take full advantage of this one last chance.**

You failed to cooperate as a union steward with the March 11, 1998 Steward's Update entitled Zero Tolerance from you union president. You failed to cooperate with the March 28, 1998 memorandum from the agency commissioner regarding threats against persons.

Your conduct represents a violation of the following state regulations:

5-240-1 (c) 4: Offensive or abusive conduct toward the public, co-workers, or inmates, patients, or clients of state institutions or facilities.

5-240-1 (c) 11: Neglect of duty, or other employment related misconduct.

5-240-1 (c) 13: Engaging in any activity which is detrimental to the best interests of the agency or the state.

Based on your violations of the above regulations and policies, your continued employment with the Department of Children and Families presents an unacceptable employment risk, as we can conclude that you are either unwilling or unable to cooperate with either the union or the agency.

You began a period of administrative leave with pay on April 7, 1998. You will remain on administrative leave with pay until the close of business, May 14, 1998. Your request under section 5-240 (g) and (h) is administratively denied. You have the right to appeal this administrative action in accordance with your collective bargaining agreement.

Sincerely,

*Michael Wood*
Michael Wood
Personnel Officer II

cc: Personnel File
Steven Perruccio – Union President – Local 511
Steve Owen – Superintendent – High Meadows

**DEPARTMENT of CHILDREN and FAMILIES**

*Caring for Connecticut's Future*

July 22, 1998

Yomarie Soler
73 Mozart St.
West Hartford, CT 06110

Dear Ms. Soler:

This is to inform you that effective 7/21/98, you are dropped from your working test period. Following our discussion yesterday, we determined that you had not gone to Agency training on July 9, 1998 as you had represented. You admitted that you failed to report to work or training on that date and did not notify your supervisor of your unauthorized absence. You completed your time card, however, to represent that you had worked that date. Your supervisor noticed the error before payment was actually made.

Honesty and truthfulness is an expectation we have of employees. Your actions for whatever the reason justify your discontinuance from state employment.

You have the right to appeal this action via a Sperl Conference with the Agency Personnel Administrator.

Sincerely,



Lee Askern

cc: Darlene Dukes, PS
 Maria Diaz, SWS
 Patty Maneggie, PA
 file

STATE OF CONNECTICUT
505 HUDSON STREET · HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*