Mr. Vitomar Souza
74 Englewood Avenue
West Hartford, CT 06110

June 12, 1998
CERTIFIED/REGULAR   P-606-157-236

Dear Mr. Souza:

This letter is to confirm our meeting of May 27, 1998. During this meeting, you were informed that you are dropped on a working test period with the Department of Children and Families effective June 30, 1998 at the close of business.

The decision to drop you during your working test period rests on performance factors, specifically in the areas of Knowledge of Work, Quality of Work, Attendance, Organization, Judgment, and Dependability.

These performance factors were identified for you formally during a meeting with Luz Rosado on April 29, 1998 and in a meeting you had requested with me on April 30, 1998. At this meeting we discussed these performance issues and the need for immediate and sustained improvement in these areas. These areas of concern were again discussed with you during your performance evaluation which was presented to you by Luz Rosado.

As indicated to you during this meeting, you may be excused from work to review the state employment opportunities at the Department of Administrative Services and to interview for other positions provided you give Luz Rosado, your supervisor, as much advance notice as is possible so that there is clerical coverage during this time. You need not charge your own time for interviews with the State of Connecticut; however, you will need to charge unpaid leave for attending interviews for positions outside of the State.

You have the right to request a Sperl Conference for a review of this decision with Wanda Estrella, Director of Human Resources within ten (10) days of receipt of this letter.

Sincerely,

Shari T. Grzyb
Principal Personnel Officer
550-6487

STG:ler
xc:  Wanda Estrella, Director
     Luz Rosado, Unit Supervisor
     Personnel File - V. Souza

 STATE OF CONNECTICUT

505 HUDSON STREET • HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

of CHILDREN
and FAMILIES

*Caring for Connecticut's Future*

July 14, 1999

Certified Mail # Z 229 689 972

Veldon Steele
26 Burr Avenue
Middletown, CT 06457

Dear Mr. Steele:

This letter is to inform you that we will be discontinuing your per-diem Substitute Teacher services at Long Lane School effective immediately.

Specifically, Principal Mark Mathieu scheduled a meeting with you at Long Lane School on Tuesday, July 13, 1999 to discuss the falsification of your state application and DCF employment application addendum.

On your state application and DCF employment application addendum, you indicated that you had never pled guilty or been found guilty (i.e., convicted) of an offense against criminal or military law, forfeited bond or collateral and that there were no criminal charges currently pending against you. However, the Federal Bureau of Investigation record forwarded to the Department of Children and Families indicated that you had been arrested and convicted on three separate incidents.

The July 13, 1999 meeting was scheduled to give you the opportunity to respond to the falsification of your employment application. However, you failed to attend the meeting scheduled with Principal Mathieu and the decision to discontinue your services was based on the information available to us.

If you have any questions regarding this, you may contact me at (860) 550-6436.

Sincerely,

Donna Cambria
Superintendent

cc: Mark Mathieu, Principal
    Personnel File

STATE OF CONNECTICUT
505 HUDSON STREET • HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

# DEPARTMENT of CHILDREN and FAMILIES

*Caring for Connecticut's Future*

Certified Letter #: Z 043 094 166

May 26, 1998

Mr. Edward Thomas, Jr.
28 Seventh Street
Norwich, Connecticut 06360

Dear Mr. Thomas:

This is written confirmation that you are being dropped during your working test period as a Youth Services Officer at Long Lane School, effective June 5, 1998, close of business. As you were informed in our meeting of May 22, 1998, this action has been taken due to your actions of May 8, 1998 in which you left your duty station after being informed that you were required to stay over your normal working hours. You then approached your supervisor in an aggressive manner using foul language. You originally denied these allegations in our investigatory meeting of May 18, 1998, however you subsequently admitted your actions via a telephone call to me on the morning of May 22, 1998. Your actions constitute a violation of CGS 5-240-1(c)4 - "Offensive or abusive conduct toward the public, co-workers, or inmates, patients or clients of State institutions or facilities."

As you were also made aware, you have the right to request a Sperl Conference to review this administrative decision. If you wish to do so, you may contact Ms. Wanda Estrella, Human Resources Director, 505 Hudson Street, Hartford, Connecticut 06106 in writing within ten (10) days of receipt of this letter.

Sincerely,

Jeanette Perez
Personnel Officer
Labor Relations

JP

cc:  R. Brooks
     J. Lachapelle
     A. Mikulak
     S. Luciano/AFSCME
     Payroll
     File

STATE OF CONNECTICUT
505 HUDSON STREET · HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

and FAMILIES

Certified Mail Z 229 689 274

June 10, 1998

Mr. Jose Torres
142 Francis Avenue
Hartford, Connecticut 06106

Dear Mr. Torres:

This will serve as written notification and confirms our discussion of June 10, 1998 in which you were advised that you are being dropped during your working test period effective June 10, 1998, close of business.

As discussed, the Department of Children and Families has conducted a review and investigation of substantial and consistent information received regarding your serious misconduct while off duty. Specifically, the allegations are drug use with a relative of your client. This activity is deemed as detrimental to the best interests of the agency and the state. Therefore, a drop while on the working test period is warranted.

As you were advised, you may request a Sperl Conference to review this administrative action. If you wish a conference you may contact Ms. Lynn Paton, Labor Relations Manager, Human Resources, in writing, at 505 Hudson Street, Hartford, CT 06106 within ten (10) days of receipt of this letter.

Sincerely,

*Wanda Estrella*

Wanda Estrella
Human Resources Division

cc: File
    Charlotte May, Program Director, Htfd

Teresa Patti
please process
drop
Marilyn
WE

STATE OF CONNECTICUT
505 HUDSON STREET • HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

NESTOR TORRES
OLR FILE NO. 12-4324
UNION CODE NO. 2663 JF
ISSUE: DISMISSAL
STEP III RESPONSE

The Grievant was dismissed after he failed to comply with a fitness for duty assessment at the University of Connecticut Health Center EAP Program. By certified letter dated October 9, 1998, the Grievant was advised that as of that date he was on unauthorized leave. Subsequently, the Grievant failed to follow-up with UCONN by October 16, 1998, as directed to do so in the October 9, 1998, letter and failed to report to work by October 19, 1998, as directed.

The Grievant argued that he was confused and did not make contact with the university or the Agency because he was stressed out due to his illnesses. When asked by the undersigned why he did not make at least one of the contacts as directed, the Grievant stated he did not know why he didn't.

The Agency argued that the Grievant was given ample time to bring these medical issues to closure, and when he failed to respond in a timely manner, he was dropped during his working test period for being absent without leave for five or more working days.

Based upon the facts as disclosed above, it is the opinion of the undersigned that the action to dismiss the Grievant was in accordance with State Personnel Regulations, and was for just cause. Further, a drop during a working test period is not grievable or arbitrable under the terms of the P-2 Agreement.

Grievance denied.

12-28-98
DATE OF CONF.

1-15-99
DATE OF RESPONSE

_[signature]_
PHIL MARGESON

Nestor Torres
October 23, 1998
Page Two

Administrative regulations state that **absence without leave for five or more working days or failure to return to duty within five working days following authorized leave represents conduct for which an employee may be suspended, demoted or dismissed.**

As a result of your failure to complete the independent medical examination process as well as your unauthorized absence from work from October 9, 1998, to the present date, you are being dropped during your working test period.

Sincerely,

Michael Wood
Personnel Officer II

cc: Karl Kemper, Interim Regional Administrator
    Patricia Simpson, Program Director
    Debra Collins, Program Supervisor
    Kim Clarke, Program Supervisor
    Sal Luciano, President Local 2663
    Personnel File

# DEPARTMENT of CHILDREN and FAMILIES

*Caring for Connecticut's Future*

Ms. Michele Valente
391 High Street
Naugatuck, CT 06770

December 27, 1999

Dear Ms. Valente:

This letter is to inform you that effective this date, you are dropped on your Working Test Period for failing to report to work for more than 5 consecutive days without a satisfactory explanation.

During our telephone conversation today, you indicated that you had interest in applying for accommodation under ADA but failed to provide medical documentation of exactly what accommodation you were requesting because you were told you would be dropped. You then indicated that what you were seeking was a medical leave of absence. I informed you that you failed to provide documentation to support a medical leave but nonetheless, your length of service with the state (four months) is too short to make you eligible under the statutes.

If you wish to contest this action, you have the right to a Sperl Conference with the Agency Personnel Administrator, Wanda Estrella.

Sincerely,

[signature]

Principal Personnel Officer



CC: Sharon Gaddy
    Jane Leff
    file

\\

STATE OF CONNECTICUT
505 HUDSON STREET • HARTFORD, CONNECTICUT 06106-7107

## of CHILDREN
## and FAMILIES

August 17, 1998

Sammy Vazquez
1037 Capitol Ave.
Hartford, CT 06106

Dear Mr. Vazquez:

This letter is to serve as your official notification that effective August 21, 1998, you are terminated from state service for just cause. This action is in compliance with your collective bargaining unit agreement and Administrative Regulations Sec. 5-240-5a and 5-240-8a. You were placed on paid administrative leave effective August 10, 1998 which will serve as your two week notice.

Our agency was informed that 16 checks representing child support payments were sent to the relative of our client, Jason R. by the State Dept. of Social Services. The checks were all endorsed to you upon your advice to that relative. Several checks were presumably deposited into an account you said you set up for yourself and Jason. You have admitting cashing several of the checks and you have admitting depositing others into a private checking account owned by you and your mother. The total value of the checks is $1747.36. You claim that all the funds have been spent to benefit our client however you have been unable to provide any documentation whatsoever concerning their disbursement. You received a letter from us requesting that you provide us with specific material at our Loudermill Hearing on August 14 however you only provided us with minimal information from one of the two banks involved.

Your conduct represented a violation of the following State Regulations:
   Sec.-5-240-1c(7)  Theft, willful neglect or misuse of any state funds, property, equipment, material or supplies.
   Sec. 5-240-1c(11) Neglect of duty or other employment related misconduct
   Sec.-5-240-1c(13) Engaging in any activity which is detrimental to the best interests of the agency or state.

At our Loudermill Hearing on August 14, you provided no information that would mitigate these charges.

You have the right to appeal this action under the terms of our labor agreement.

STATE OF CONNECTICUT
505 HUDSON STREET • HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

of CHILDREN                                                           Caring for Connecticut's Future
and FAMILIES

Sincerely,

*Leticia Lacomba* (LA)                                    *Lee Askern*
Leticia Lacomba, Regional Administrator         Lee Askern, Prin. Personnel Officer


cc .Sal Luciano
   File

r

**DEPARTMENT of CHILDREN and FAMILIES**

*Caring for Connecticut's Future*

Kenyatta Ward
401-21 Talcottville Rd.
Vernon, CT. 06033

December 7, 1998

Dear Mr. Ward:

This is to notify you that effective close of business December 4, 1998, you are terminated from your position as a Children Services Worker. This action is taken for just cause and is in compliance with your collective bargaining agreement, Article 33, Section 1, State Administrative Regulations, Sec.5-240-1a (c) --Offensive or abusive conduct toward the public, co-workers, or inmates, patients, or clients of state institutions or facilities; and Section 5-240-1c(13)--Engaging in any activity which is detrimental to the best interests of the agency or the state.

On November 24, 1998, you admitted to a police officer and DCF investigator that you had, in fact, struck you brother with a belt the preceding night and you had, in fact struck him in the past as well. Such action is contrary to the mission of this agency to protect children.

On December 4, 1998, a Loudermill Hearing was conducted with you and your union representative, Cynthia Prue. During this meeting, you were given an opportunity to respond to these charges. You did not provide any information that would mitigate these charges. Therefore, due to the seriousness of this matter and your position within this agency, you are discharged effective December 4, 1998.

You have the right to appeal this action in accordance with the terms of your collective bargaining agreement.

Sincerely,

Louis Ando, Superintendent

Wanda Estrella, Agency Personnel Admin.

cc  Dist. 1199
    file


STATE OF CONNECTICUT
505 HUDSON STREET · HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

January 13, 1999

Ms. Rosetta Y. Watkins
80 Edwards Street
Hartford, CT 06112

Dear Ms. Watkins:

This letter is to confirm that your service as a Children Services Worker (Part-Time on Weekends) with the Department of Children and Families terminates effective January 13, 1999, close of business. The decision to terminate your service during your working test period rests on the falsification of your completion of the LINK Check Form.

The letter addressed to you dated December 9, 1998, states employment is conditional upon verification of the information presented on the LINK Check Form. The requirement to successfully complete the LINK Check Form without misrepresentation, omitted or falsified information failed.

Employees terminated due to falsification of an application or forms are ineligible for re-employment for one (1) year from the date of termination.

You have the right to request a Sperl Conference for a review of this decision with the Agency Personnel Administrator within ten (10) days of receipt of this letter.

Sincerely,

*[signature: Michael Wood]*

Michael Wood
Personnel Officer II
550-6493

MW:tlj

c:  James E. Brown, Superintendent
    Joyce Welch, Assistant Superintendent
    Dan Strahinich, District 1199
    Personnel File
    Payroll Division

CONNECTICUT CHILDREN'S PLACE
formerly the State Receiving Home
36 GARDNER STREET • EAST WINDSOR, CT 06088
PHONE: (860)-292-4000 • FAX: (860)-623-1157
INTAKE FAX: (860)-292-4066

*An Equal Opportunity Employer*

**STATE OF CONNECTICUT**
# DEPARTMENT
## of CHILDREN
## and FAMILIES

*Caring for Connecticut's Futu[re]*

Certified Mail Z 326 969 870

February 29, 2000

Ms. Sheila Watkins
28 Harvard Street
Hartford, Connecticut 06106

Dear Ms. Watkins:

This is your official notification that you are being dismissed from your position as a Children Services Worker effective March 3, 2000, close of business. This letter confirms the oral notification that was given to your at the conclusion of your Loudermill Hearing on February 24, 2000. This action is taken for just cause in compliance with you collective bargaining agreement and administrative regulations 5-240-5a and 5-240-8a (b). This action is taken due to your serious misconduct that affects the safety and welfare of our clients and your failure to comply with agency and state laws, policies, and procedures.

During the interrogation conducted with you and your representatives on February 16, 2000, you admitted to physically attacking a twelve-year-old client. The client, T.M., sustained injuries as a result of your actions. Your conduct represents a violation of the following state laws and Department of Children and Families policies:

> 5-240-1 (c) 4: Offensive or abusive conduct toward the public, co-workers, or inmates, patients or clients of State institutions or facilities.
> 5-240-1 (c) 8: Deliberate violation of any law, state regulation or agency rule.
> 5-240-1 (c) 11: Neglect of duty, or other employment related misconduct.
> 5-240-1 (c) 13: Engaging in any activity, which is detrimental to the best interests of the agency or the state.
> DCF: Staff/Family/Child Relationships policy.
> DCF: Neglect of Duty policy.

On February 24, 2000, a Loudermill Hearing was conducted with you and your representatives. During this meeting, you were given an opportunity to respond to the charges and evidence against you. You did not provide any information that would mitigate these charges. Therefore due to the serious nature of this offense, you are hereby being discharged from state service.

CONNECTICUT CHILDREN'S PLACE
formerly the State Receiving Home
36 GARDNER STREET • EAST WINDSOR, CT 06088
PHONE: (860)-292-4000 • FAX: (860)-623-1157
INTAKE FAX: (860)-292-4066

*An Equal Opportunity Employer*

*of* CHILDREN
*and* FAMILIES

*aring for Connecticut's Futur*

July 29, 1999

Mr. Gary Weeks
39 Parker Street
Enfield, CT 06082

Dear Mr. Weeks:

This letter is to confirm that your service as a Summer Worker with the Department of Children and Families terminates effective July 29, 1999, close of business. The decision to terminate your service rests on the falsification of your application for employment.

The letter addressed to you dated June 4, 1999, states employment is conditional upon verification of the information presented to us on your application. The requirement to successfully complete the application without misrepresentation, omitted, or falsified information failed.

Employees terminated due to falsification of an application or forms are ineligible for re-employment for one (1) year from the date of termination.

You have the right to request a Sperl Conference for a review of this decision with the Agency Personnel Administrator within ten (10) days of receipt of this letter.

Sincerely,

*Michael Wood* (signature)

Michael Wood
Principal Personnel Officer
550-6493

MW:tlj

c: Joyce Welch, Superintendent
    Personnel File
    Payroll Division

CONNECTICUT CHILDREN'S PLACE
formerly the State Receiving Home
36 GARDNER STREET • EAST WINDSOR, CT 06088
PHONE: (860)-292-4000 • FAX: (860)-623-1157
INTAKE FAX: (860)-292-4066

*An Equal Opportunity Employer*

# DEPARTMENT
## of CHILDREN and FAMILIES

*Caring for Connecticut's Future*

LONG LANE SCHOOL
February 18, 1999

Mr. Eddie West
27 High Street
Manchester, Connecticut 06040

Dear Mr. West:

This letter is your official notification that you are being dismissed from your position as a Youth Services Officer in the Department of Children and Families-Long Lane School effective March 4, 1999, close of business. This action is taken for just cause and is in compliance with your collective bargaining agreement, Article 16 Section 1 and Administrative Regulations 5-240-1a (c) "Just cause" 5. Two successive unsatisfactory service ratings, if filed within two years of each other.

You received your first unsatisfactory service rating on September 23, 1997 as result of poor attendance. In letters dated September 22, 1997 and August 5, 1998 you were noticed that two successive unsatisfactory service ratings was just cause for dismissal. On September 15, 1998 you received your second successive unsatisfactory service rating, specifically in the areas of judgment and attendance. On September 21, 1998 you were issued a letter indicating the Department was not going to dismiss you at that time in order to give you another opportunity demonstrate improvement. On February 3, 1999 you were issued a third successive unsatisfactory service rating, specifically in the areas of judgment and attendance.

On February 4, 1999 a Loudermill Hearing was held with you and your union representatives Sal Luciano and Lynette Gaunichaux. During this meeting you were given the opportunity to provide any information to mitigate the agency's intention to dismiss you. No such information was forthcoming. As a result we have made the decision to dismiss you from state service effective March 4, 1999, close of business.

You will be placed on Administrative Leave with pay effective February 18, 1999 through March 4, 1999.

Please return any Long Lane property and/or identification(s) in your possession to your supervisor immediately.

You have the right to appeal this action in accordance with your collective bargaining agreement.

Sincerely,

John Lachapelle
Superintendent
Long Lane School

Jeanette Perez
Principal Personnel Officer

cc: Personnel File
Sal Luciano, AFSCME

STATE OF CONNECTICUT
Phone: (203)
170 LONG LANE, P. O. BOX 882 • MIDDLETOWN, CONNECTICUT 06457
*An Equal Opportunity Employer*

# DEPARTMENT of CHILDREN and FAMILIES

*Caring for Connecticut's Future*

Nov. 24, 1999

Lee Winter
20 Commerce St.
Portland, CT. 06480

Dear Ms. Winter:

This letter is to confirm to you that you have been dropped while in your working test period effective Nov. 18, 1999. As explained to you previously, the agency feels that your conduct with respect to supervisory issues and your destruction of a document indicates a basic incompatiblity with the practices and procedures at RiverView hospital.

I understand you have already returned all hospital property. You may, if you like, appeal this action to the Agency Personnel Administrator, Wanda Estrella.

Sincerely,

Lee A. Skern
Prin. Pers. Officer

file



STATE OF CONNECTICUT
505 HUDSON STREET • HARTFORD, CONNECTICUT 06106-7107
*An Equal Opportunity Employer*

June 16, 1998

Ms. Sadie Witherspoon
Social Services Assistant
New Haven Regional Office
New Haven, Connecticut

Dear Ms. Witherspoon:

This letter is to confirm that your service as a Social Services Assistant with the Department of Children and Families terminates effective June 16, 1998, at the close of business. The decision to drop you during your working test period rests on performance factors, specifically, in the areas of attendance. During the extension of your working test period from March 18, 1998, your attendance warrants a less than satisfactory rating on your performance appraisal. You will receive two weeks pay in accordance with state regulations. Your last day worked will be June 16, 1998. Your last day paid will be June 30, 1998.

You have the right to request a Sperl Conference for a review of this decision with the Agency Personnel Administrator within ten (10) days of receipt of this letter.

Sincerely,

Michael Wood
Personnel Officer II
550-6493

cc: Mary Ellen Tatten, Regional Administrator
    Doreen Jordan-Kearson, Program Supervisor
    Marilin Ortiz, Social Work Supervisor
    Sal Luciano, Local 2663 President
    Gary Stewart, Local 2663 Steward
    ✓Personnel File

October 15, 1999

CERTIFIED MAIL # Z 229 689 982

Victor Zevallos
63 Fuller Street
West Hartford, CT 06119

Dear Ms. Zevallos:

This letter is to inform you that you are being dropped during your working test period as a Social Worker Trainee with the Department of Children and Families. This action is being taken based on your poor judgment and misconduct on September 28, 1999. The effective date of your drop during working test period is effective October 15, 1999 (close of business).

You may request an administrative review of this action to Wanda Estrella, Agency Personnel Administrator, Department of Children and Families, 505 Hudson Street, 8th floor, Hartford, CT, 06106. Your request for an administrative review must be in writing and received by Ms. Estrella no later than 10 calendar days from the effective date of your drop during working test period.

Your final paycheck will be mailed to your home address and you are expected to return all state property prior to your separation.

Sincerely,

*Christine Lau/kek*

Christine Lau
Program Director


cc:   Leticia Lacomba, Regional Administrator
      Trish Krayeski, Human Resources
      Personnel File ✓

505 HUDSO...

*[handwritten envelope: Dept Human Resources, 505 Hudson Street 8th floor, Hartford, CT 06106]*

*CHILDREN*
*and* FAMILIES

LONG LANE SCHOOL

Caring for Connecticut's Future

June 29, 1999

79 Ledyard Street
New London, CT 06320

Dear Mr. Williams,

This is to inform you that you are being dropped from your working test period as a Youth Services Officer, effective immediately. This decision is a result of your falsification of your application to DCF. Specifically, you did not disclose that you had been convicted of several offenses between 1980 and 1985.

The DCF "Employment Application Addendum" specifically requires that you disclose any history of criminal offenses. The application clearly lists dismissal as a consequence of failing to disclose such information. Although you did not indicate you had a history of criminal charges, DCF learned through the initial screening process that you had been convicted of several crimes: possession of marijuana in 1985, disorderly conduct in 1982 and breach of peace in 1980. Omitting the information about these offenses cannot be tolerated. We are left with no alternative but to drop you from employment during your working test period.

You have the right to request a Sperl Conference to review this decision. If you wish to do so, you should contact Ms. Wanda Estrella, Human Resources Director, 505 Hudson Street, Hartford, Connecticut 06106, in writing, within ten (10) days of receipt of this letter. Your application for a position in DCF will be reconsidered after one year.

Sincerely,

*[signature]*

John Lachapelle
Superintendent

SLP:lawrence
c: Human Resource File

I have received a copy of this letter: _[signature]_  6-30-99
                                        Signature       Date

STATE OF CONNECTICUT
(860) 344-
P.O. BOX 882 MIDDLETOWN, CONNECTICUT 06457
*An Equal Opportunity Employer*