STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

RECEIVED MAR 2 2 2000
CT COMM. HUMAN RTS. & OPP.
SOUTHWEST REGIONAL OFFICE

DATE: MARCH 21, 2000   Received: March 22, 2000   CASE NO: 0020323

My name is REGINA M. WHILBY
and I reside at 94 LIBERTY STREET, UNIT 9, STAMFORD, CT 06902
The respondent is STATE OF CT, DEPT OF CHILDREN AND FAMILIES, ET AL.
Whose business address is 3885 MAIN STREET, BRIDGEPORT, CT

I was
- (xx) Terminated
- ( ) Suspended
- ( ) Placed on probation
- ( ) Demoted
- ( ) Warned
- ( ) Given a poor evaluation
- ( ) Denied a raise
- ( ) Less trained
- ( ) Denied an office
- ( ) Denied service(s)
- (XX) Discriminated against in terms and conditions of employment
- ( ) Not hired/Not promoted
- ( ) Not rented a dwelling
- ( ) Harassed and/or ( ) Sexually harassed
- ( ) Earning a different rate of pay
- ( ) Constructively discharged
- (xx) Retaliated against
- ( ) Not hired due to a BFOQ
- ( ) Not hired due to a disability
- ( ) Delegated difficult assignments
- ( ) Other:_____

on March 14, 2000 and believe that my

- (x) Race African American (specify)
- (x) Color black (specify)
- ( ) Sex [ ] Male [ ] Female
- (x) Previoulsy opposed, filed or assisted
- ( ) Ancestry _____ (specify)
- ( ) Age ___ Date of Birth _____
- ( ) Religion _____ (specify)
- ( ) Pregnancy
- ( ) Alienage _____ (specify)
- ( ) Lawful source of income
- ( ) National origin _____ (specify)
- ( ) Marital status _____ (specify)
- ( ) Physical disability _____ (specify)
- ( ) Mental retardation
- ( ) Mental disorder _____ (specify)
- ( ) Religious Creed _____ (specify)
- ( ) Creed _____ (specify)
- ( ) Familial status _____ (specify)
- ( ) Sexual orientation _____ (specify)
- ( ) Learning disability _____ (specify)

was in part a factor in this action. I believe that the respondent violated the following Connecticut General Statutes and Acts listed below; ( ) Enforced through Section 46-58(a) (if applicable):

- (XX) 46a-60(a)(1)
- ( ) 46a-60(a)(4)
- ( ) 46a-60(a)(7)( )( )( )
- ( ) 46a-60(a)(8)( )( )( )
- ( ) 46a-64( )( )
- ( ) 46a-64a( )( )( )
- ( ) 46a-81( )( )( )
- ( ) 46a-80
- ( ) Equal Pay Act of 1964, U.S.C. 206
- ( ) Other: _____

- (X) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991 {cite for 15 individuals employed}
- ( ) Age Discrimination in Employment Act, of 1967, 29 U.S.C. 621-634 {cite for over 20 individuals employed}
- ( ) Americans With Disabilities Act, 42 U.S.C. 12101 et seq.
- ( ) Section 504 of the Rehabilitation Act of 1973, as amended

EXHIBIT NO. 8

F103   Issued 4/94 Revised 1/1/96

The particulars are as follows:

1. My name is Regina M. Whilby and I am an black, African American, citizen of the United States. I reside at 94 Liberty Street, Unit 9, Stamford, CT, 06902. My legal representatives are:

Attorney Rebecca L. Johnson
P.O. Box 1512
Bridgeport, CT 06601
203/333-5695
203/333-1565 (facs.)

Attorney Earl I. Williams
129 Church Street
Ste. 511
New Haven, CT 06511
203/787-2236
203/782-2843 (facs.)

2. The respondent is the State of Connecticut, Department of Children and Families and its agents are Beverly Hubblebank, Dorothy Hamilton, and Judith Kallen. Their business address is 3885 Main Street, Bridgeport, CT.

3. I commenced employment with the respondent on or about January 28, 2000, as a Social Worker Trainee.

4. At the time I was terminated I continued with the same position and salary as I had not yet completed my working test period.

5. I performed my work as a trainee in a satisfactory manner. During my employment, I never received a performance evaluation.

6. On or about Monday March 6, 2000, I was in mandatory attendance in a training class in Hartford, Intro to Personal Computers. There were approximately 7 trainees in attendance in this course. Ms. Romelia Sharpe (Director of Computer Training Component for the Training Academy) was the instructor.

7. As part of Ms. Sharpe's instruction, she told us (all of the trainees) to go to web sites on the Internet to learn about address locations. We

were encouraged by Ms. Sharpe to familiarize ourselves with the following web sites which she herself wrote on the board, "www.bluemountain.com, "www.bearisland.com," and www.yahoo.com.

8. During our breaks, we (the entire class) continued to access the Internet, checking our personal e-mails and printing from a variety of sites as Ms. Sharpe was looking on. We were not instructed by Ms. Sharpe at any point that this was not acceptable conduct. Indeed this would seem preposterous as she was the one who instructed us to continue in such activities.

9. On Wednesday, March 9, 2000, I was in mandatory attendance in another training class in Hartford, Intro to Word. Again, there were approximately 7 trainees in attendance in this course. Mr. Jim Desmond was the instructor.

10. Mr. Desmond, like Ms. Sharpe instructed the entire class to access the Internet through "www.yahoo.com" to learn more about address locations. As in Ms. Sharpe's class two (2) days earlier, we continued during our break to access the Internet, checking our personal e-mails and printing from a variety of sites as Mr. Desmond was looking on. We were not instructed by Mr. Desmond at any point that this was not acceptable conduct.

11. On Monday, March 13, 2000, I was again in mandatory attendance in yet another course, Intro to Link, which Ms. Sharpe instructed.

12. During our break I, along with other classmates, accessed the Internet printing from various sites and/or e-mail. At this point, Ms. Sharpe informed us verbally that we were not to access the Internet **during our break**.

13. On March 14, 2000, I was called into a meeting in the Bridgeport office with Hubblebank, Hamilton, and Kallen. They notified me that my employment was terminated for accessing the Internet in violation of the

respondent's policy, more specifically misuse of state property during my working test period.

14. I attempted to reason with them, pointing out the inconsistency in their choice of disciplining me for conduct in which the entire class had participated.

15. What they explained to me was that the only evidence they had of any trainee accessing the Internet pointed only to my conduct. What I printed from the Internet consisted of an email transmission forwarded to me by a third party of a racially derogatory statement made by a Caucasian female to the editor of a magazine of national circulation. The magazine is popular with African American women in particular. The statement made by the Caucasian female concerned the nature of her relationship with an African American man and her distaste for African American women as a whole. This e-mail has become the topic of discussion amongst many African Americans in various social circles.

16. I do not believe that my termination is legally justifiable on the basis of the explanation provided to me. Indeed if their justification/explanation was valid, every trainee in the above mentioned classes should have been terminated.

17. I am aware that two (2) fellow co-trainees, Martha Martelli (?), Jeff Smythe (both Caucasians) printed documents from the Internet around the same time of my alleged misconduct. Mr. Desmond covered for Smythe so that he was able to escape punishment. Martelli, and I were in the same class. She, like I printed from her own personal email account during her break on March 15, 2000, yet she was not disciplined.

18. In fact, in a meeting which took place on March 20, 2000, Hubblebank, Hamilton and Lynne (last name unknown) addressed approximately eight (8) of my co-trainees, notifying them of my termination and the reasons for their decision to terminate me. At this

meeting, all of my former co-trainees affirmed that the classes were assigned to access the Internet and that they had done so freely without warning of or fear of discipline.

19. The true reason for my termination is actually based on a discussion that took place in our Cultural Diversity training course. Ms. Renee Huff was the instructor of this course.

20. During one of the class sessions in Ms. Huff's course, we had a discussion concerning interracial interactions in the workplace in general. I spoke up in class relating an incident which took place in February of 2000.

21. One of my co-trainees (also an African American) and I approached our supervisor, Ms. Hamilton, asking her to sign our timesheets so that we could be paid for overtime. She took our timesheets and placed them in a basket on her desk and told us she would get to it later.

22. We left her office and in the hallway immediately outside her office met, two (2) other Caucasian co-trainees who were walking into Ms. Hamilton's office to hand in their timesheets for the same overtime approval. Ms. Hubblebank signed "on the spot" while they stood in her office. Needless to say, my co-worker and I were somewhat dismayed with the apparent blatancy of Hubblebank's disparate treatment.

23. I discussed this incident in my class for the purpose of participating in and contributing to the discussion.

24. After my termination became effective (March 20, 2000) I was informed by another supervisor in the Bridgeport office that this matter (my comments about Ms. Hamilton's disparate treatment in my Cultural Diversity course) had been widely discussed by people in the Bridgeport office as many of them were aware of it.

IN-SERVICE GROUP G-2000

| Monday | Tuesday | Wednesday | Thursday | Friday |
|---|---|---|---|---|
| | | 1 | 2 | 3 |
| 6 Day in Question<br>INTRO. PC (A&B)<br>ROMELIA SHARPE<br>JIM DESMOND<br>Y | 7 bed bath<br>INTRO. PC (C)<br>INTRO. TO WORD (A)<br>C | 8<br>INTRO. TO WORD (B&C)<br>JIM DESMOND<br>MIKE BONAGURA<br>C | 9 Medical Terminology<br>Valerie Berrat<br>cancel<br>R | 10 |
| 13<br>INTRO. TO LINK (A&B)<br>ROMELIA SHARPE<br>JIM DESMOND<br>Y | 14 lunch w/Jana<br>INTRO. LINK (C)<br>JIM DESMOND<br>C | 15<br>INTERVIEWING<br>RENEE HOFF<br>R | 16<br>INTERVIEWING<br>RENEE HOFF<br>C | 17<br>INTERVIEWING<br>RENEE HOFF<br>Y |
| 20<br>LINK FOR CPS DAY 1 (A&B)<br>JIM DESMOND<br>MIKE BONAGURA<br>R | 21 lunch w/Jan<br>LINK FOR CPS DAY 1 (C)<br>LINK FOR CPS DAY 2 (A)<br>Y | 22<br>LINK FOR CPS DAY 2 (B&C)<br>JIM DESMOND<br>MIKE BONAGURA<br>C | 23 | 24 |
| 27 | 28 | 29 | 30 | 31 Medical terminology<br>Valerie Berrat<br>C |

February
M T W T F S S
      1 2 3 4 5 6
7 8 9 10 11 12 13
14 15 16 17 18 19 20
21 22 23 24 25 26 27
28 29

April
M T W T F S S
             1 2
3 4 5 6 7 8 9
10 11 12 13 14 15 16
17 18 19 20 21 22 23
24 25 26 27 28 29 30

CINDY CONKLIN 550-6693    ERIC CARVER

# PRE-SERVICE GROUP G-2000

|  | Monday | Tuesday | Wednesday | Thursday | Friday |
|---|---|---|---|---|---|
| | | | | 1 | 2 |
| | 5 | 6 | 7<br>MODULE IV<br>TRACY ALLEN | 8<br>MODULE IV<br>TRACY ALLEN | 9<br>MODULE IV<br>TRACY ALLEN |
| | 12<br>CAFAP (AM)<br>MEPA (PM)<br>TRACY ALLEN | 13 | 14 | 15 | 16 |
| | 19<br>DOMESTIC VIOLENCE<br>NOVA<br>INTERVAL HOUSE<br>JOHN CALLA | 20<br>DOMESTIC VIOLENCE<br>NOVA<br>INTERVAL HOUSE<br>JOHN CALLA | 21 | 22 | 23 |
| | 26 | 27 | 28 | 29 | 30 |

May
M T W T F S S
1 2 3 4 5 6 7
8 9 10 11 12 13 14
15 16 17 18 19 20 21
22 23 24 25 26 27 28
29 30 31

July
M T W T F S S
          1 2
3 4 5 6 7 8 9
10 11 12 13 14 15 16
17 18 19 20 21 22 23
24 25 26 27 28 29 30
31

CINDY CONKLIN  550-6693          ERIC CARVER

# PRE-SERVICE GROUP G-2000
## August 2000

| Monday | Tuesday | Wednesday | Thursday | Friday |
|---|---|---|---|---|
|  | 1 | 2 | 3 EDUCATION RAY GALLOWAY DAVE REGAN | 4 |
| 7 | 8 TPR JEANETTE MORRISON | 9 TPR JEANETTE MORRISON | 10 | 11 |
| 14 | 15 Education Ray Galloway Dave Regan | 16 | 17 | 18 |
| 21 | 22 | 23 | 24 | 25 TEST & WRITTEN ASSESSMENT RENEE HOFF |
| 28 | 29 | 30 | 31 |  |

July / September mini-calendars

CINDY CONKLIN 550-6693        ERIC CARVER

IMPORTANT: <u>YOU MUST OBTAIN A NOTARIZATION OF YOUR COMPLAINT BEFORE YOUR RETURN THIS FORM TO THE COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES</u>

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

REGINA M. WHILBY _____ being duly sworn, on oath, states that she/he is the Complainant herein; that she/he has read the forgoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters she/he believes the same to be true.

Dated at __BRIDGEPORT_____, Connecticut on this __21st__ day of __MARCH_____,
~~199~~ 2000.

_____
(Complainant's Signature)

Subscribed and sworn to before me on this 21st day of MARCH_____, ~~199~~ 2000

_____
~~Notary Public~~/Commission of the Superior Court

My commission expires: _____

Issued 4/94

COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

FORM 500(3)

## RELEASE OF JURISDICTION

COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES, ex rel.

Regina M. Whilby
Complainant

Date: October 23, 2000

vs.

State of Connecticut
Department of Children and Families, et al.
Respondent

CCHRO CASE NO.: 0020323
EEOC CASE NO.:   16aa02180

### RELEASE OF JURISDICTION

Pursuant to Complainant's and/or Complainant's attorney(s) request dated **October 17, 2000**, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above numbered and captioned complaint in accordance with Section 46a-101 of the Connecticut General Statutes. Also, in accordance with Section 46a-102, C.G.S. Complainant is hereby authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the Hartford-New Britain judicial district.

In granting this release, the Commission expressly finds, in accordance with Sections 46a-100 and 46a-101(b) of the C.G.S., that all conditions precedent to the issuance of the release of jurisdiction have been complied with inasmuch as: (a) the complaint was timely filed within 180 days from the date of alleged incident, in accordance with 46a-82 of the C.G.S.; (b) the complaint alleges a violation under 46a-60 C.G.S.; and (c) the complaint has been pending for a period of not less than 210 days, inasmuch as it was filed on **March 22, 2000** and is still pending on **October 23, 2000**, a period in excess of two hundred and ten (210) days.

Rev. 5/29/98

EXHIBIT NO. 9

Moreover, there is no reason to believe that the complaint will be resolved within a period of thirty (30) days from **October 19, 2000**, the date the Commission received Complainant's request for the Release of Jurisdiction, nor is the complaint currently scheduled for public hearing. [see Section 46a-101(c) of the Connecticut General Statutes].

The complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the Commission. Upon commencing the Superior Court action, the Complainant, or his/her attorney, shall serve a copy of the complaint on the Commission for the purpose of providing legal notice. However, in accordance with 46a-103, of C.G.S., service of the complaint on the Commission does not make it a necessary party, although, the Commission may opt to intervene.

The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the C.G.S., and other laws of the State of Connecticut.

Concurrently, with the issuance of this Release of Jurisdiction, the Commission hereby administratively dismisses this complaint in accordance with Section 46a-101(d) the Connecticut General Statutes. Furthermore, said dismissal is not subject to administrative judicial review.

Cynthia Watts Elder
Executive Director

By: _____
Donald E. Newton
Chief of Field Operations Designee

Dated and entered of record in the Commission's Administrative Office in Hartford, Connecticut on this 23rd day of October, 2000.

cc: Complainant: Regina M. Whilby
    Complainant's Attorney: Attorney Rebecca L. Johnson
    Receipt for Certified Mail Z 272 989 995
    Respondent(s): State of Connecticut, Department of Children and Families
            Bridgeport, CT
            Pearl M. Hill, Affirmative Action Administrator
            State of Connecticut, Department of Children and Families
            Hartford, CT
    Respondent's Attorney: Attorney Charles Benson, Assistant Attorney General
    Regional Manager: Tanya A. Hughes, Regional Manager,
    Southwest Regional Office