UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN WILLIAMS | : | CIVIL ACTION NO: |
| | : | |
| vs. | : | 3:01CV 1398 (JBA) |
| | : | Magistrate Judge Margolis |
| KRISTINE REGAGLIA, | : | |
| COMMISSIONER, DEPARTMENT | : | |
| OF CHILDREN AND FAMILIES | : | |
| and IN HER INDIVIDUAL | : | |
| CAPACITY, ET AL | : | November 27, 2007 |
| | : | |

**PLAINTIFF'S MOTION TO STRIKE PORTION OF
EVIDENCE PRESENTED BY DEFENDANTS**

Plaintiff moves to strike the following submitted by Defendants as evidence on Defendants' Motion for Summary Judgment:

1. Paragraphs 9 and 15 of the Affidavit of Wanda Estrella. On the face of the documents, Wanda Estrella was not present and cannot personally testify to the allegations contained therein. Therefore, these paragraphs do not meet the qualifications for admissibility under Local Rule 56(a)(3).

2. All of the "DCF Response to CHRO Complaint" variously referred to as Exhibit 2 and Exhibit 3 in Defendants' Rule 56a1 Statement, but appearing as Exhibit 2, 1 of 9, in the papers filed by Defendant. A perusal of the so-called affidavits of various persons preceding the answer makes it clear that not one of them has taken responsibility of any one paragraph or sentence of the Defendant DCF's response. It

1

is absolutely impossible from the Exhibit who had personal knowledge of what and who was swearing to what. A typical oath is that of Dorothea Hamilton who says that she has "reviewed my responses to the sections of the complaint as it pertains to me", but it is left the reader to try to puzzle out, futilely, whether she prepared any responses at all (since the "Affidavit" only ever refers to "Respondent" not any individual employee of Respondent) and which ones they might be. It is further impossible to tell if any of this is supposed to apply to "Employment Schedule A" which precedes the "Affidavit". It is also impossible to tell which sections of the CHRO Complaint *she* believed pertained to her. In short, the alleged Affidavits preceding the alleged "Affidavit" are no affidavits at all. Therefore, this Exhibit as a whole does not meet the qualifications for admissibility under Local Rule 56(a)(3).

For these reasons the items listed should be struck by the Court and not considered in its decision.

                                              **PLAINTIFF**

                                         **BY:**_____

                                                Francis A. Miniter, their attorney
                                                Miniter and Associates
                                                100 Wells Street Unit 1-D
                                                Hartford, Connecticut 06103
                                                Telephone: (860) 560-2590
                                                Federal Bar No.: ct09566

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent electronically to the following this 27th day of November, 2007:

Joseph A. Jordano
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

 

_____
Francis A. Miniter