UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN WILLIAMS, ET AL., | : | CASE NO. 3:01CV1398 (JGM) |
|     *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| KRISTINE RAGAGLIA, ET AL., | : | |
|     *Defendants*. | : | February 4, 2008 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

Plaintiff's counsel seeks to strike the defendants' answer before the CHRO (Ex. 2) that is attested to by certain Department of Children & Families ("DCF") employee who were specifically identified in plaintiff's CHRO complaint. In response to the plaintiff allegations before the CHRO, defendant DCF prepared an answer to the allegations with factual statements responsive to each allegation by plaintiff. (See Exhibit A attached hereto- Plaintiff's CHRO complaint). For instance, in paragraph 8 of her CHRO complaint, plaintiff Regina Whilby alleged that DCF employee Sharpe, who was conducting a computer training session, permitted trainees to check their personal e-mail or print information that was not job related. In response to that allegation, DCF employee Pearl Hill solicited information from Ms. Sharpe. The DCF answer to this allegation reads:

8.    Deny. Ms. Sharpe denies that she permitted trainees to check their personal e-mail or print information that was not job related. Ms. Sharpe further denies that she was looking on while members of the class printed out material that was not work related. Also, this was a mandatory 15-minute break, as required under Union contract, Article 17, Section Five, of the Social and Human Services (P-2) Bargaining Unit. Most trainees were away from their workstation during this period. Therefore, "the entire class" could not and was not in the classroom as Complainant is stating.

It is obvious from the response that the factual assertions relate to Ms. Sharpe. Ms. Sharpe then attested to the truthfulness of the answer as it relates to her. (Ex. 2). The

1

same is true of DCF employee's Judith Kallen, Dorothea Hamilton, Beverly Hubelbank, Carolyn Hamilton, James Desmond and Renee Hoff. (Ex. 2).

Similarly, in paragraph 10 of the CHRO complaint Whilby alleged that James Desmond instructed the class to access the Internet to check on their emails. Again, DCF's answer is person specific to Mr. Desmond, which states:

10.    Deny. Mr. Desmond denies that he instructed, or would have instructed, the class to access the Internet to check on their e-mail. According to Mr. Desmond, classes (trainees) are specifically instructed concerning personal use of DCF computers. The purpose of these instructions is to arm trainees, as new employees, with the knowledge of these limitations so that they will know what is appropriate and what is not appropriate when they are performing their job. At no time were students given permission to access their Internet e-mail in compliance with DCF E-mail Guidelines policy, the Governor's Policy On Compute Use and the State of Connecticut policy. Mr. Desmond states also that, at the beginning of "Introduction to PC" classes, students are informed of the various policies governing the use of computers as a state property.

There is no requirement under Rule 56 that each witness prepare a separate affidavit. In fact, even unsworn statements that are attested to as true can be used on Summary Judgment. See, <u>Cianciosi v. Home Depot U.S.A</u>., 1999 U.S. App. LEXIS 28032 (2d Cir. 1999). The adoption of the DCF CHRO answer by certain witnesses qualifies as sworn testimony sufficient for summary judgment. Further, there is no difficulty figuring out what paragraphs are attributable to each witness because the witnesses are identified in the answer. Accordingly, the plaintiff's objection to a sworn answer by DCF is misplaced.

Plaintiff also objects to paragraphs 9 and 15 of Wanda Estrella's affidavit. Paragraph 9 relates to an email that James Desmond found on a DCF printer with Ms. Whilby's name on it. (Ex. 2, enclosure 8). It is entirely appropriate for Wanda Estrella to rely upon DCF records and what was reported to DCF to explain the basis for her conclusions. Furthermore, the plaintiff admitted in her deposition to printing off the email :

2

> Q. Okay. I'm trying to understand. So you're at the class. You want to see how a card works, and so you go to your AOL account, and one of the e-mails that happens to be there is from your cousin?
>
> A. Yes.
>
> Q. So you open it to read it?
>
> A. To read it. It was so long. Class was getting read to start. I was like this. I was, Let me just print it. So that's how - - everybody was printing, whatever, so I printed it.
>
> Q. Now, did the instructor see you do that?
>
> A. See me print it.?
>
> Q. Yes.
>
> A. People were just doing whatever they wanted to do. it was a break, so it wasn't like they were - - they weren't, like watching us or anything like that.
>
> Q. Do you know how it came to the attention of the people in Bridgeport that you had accessed your AOL account to read the e-mail from your cousin?
>
> A. Well, the reason why is because I must have misplaced it when I printed it, or maybe I left it on the desk or something, because the class was starting, so I just shoved it under a thing. I didn't think much of it.

Whilby Deposition, pp. 32:15-33:12. The email itself is Exhibit 3. So the suggestion by plaintiff's counsel that Ms. Estrella cannot testify to her understanding of the facts is incorrect.

Paragraph 15 of Exhibit 1 is Ms. Estella's understanding of DCF records regarding DCF trainee Jeff Smythe, who plaintiff identified as a comparator. Ms. Estrella would be permitted to testify at trial to her understanding of the facts and the basis for her conclusion that the plaintiff and Mr. Smythe were not similarly situated. There is nothing inadmissible about Ms. Estrella's testimony. Exhibit 2, ¶ 17 sets forth attested facts by James Desmond that describe the information upon which Ms. Estrella relies.[1]

Accordingly, the plaintiff's motion to strike should be denied.

---

[1] Even if plaintiff's objected to Estrella's testimony as hearsay, it is offered for the non-hearsay purpose of showing why Estrella made the decision she did.

                                                                  DEFENDANTS,
                                                                  KRISTINE RAGAGLIA, ET AL.

                                                                 RICHARD BLUMENTHAL
                                                                 ATTORNEY GENERAL

By:    */s/ Joseph A. Jordano*
          Joseph A. Jordano
          Assistant Attorney General
          55 Elm Street, P.O. Box 120
          Hartford, CT 06141-0120
          Tel: (860) 808-5340
          Fax: (860) 808-5383
          E-mail:
          Joseph.Jordano@po.state.ct.us
          Federal Bar # ct21487

## **CERTIFICATION**

I hereby certify that on February 4, 2008 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  /s/_Joseph A. Jordano
                                                  Joseph A. Jordano (# ct21487)
                                                  Assistant Attorney General
                                                  55 Elm Street, P.O. Box 120
                                                  Hartford, CT 06141-0120
                                                  Tel.: (860) 808-5340
                                                  Fax: (860) 808-5383
                                                  E-mail:
                                                  Joseph.Jordano@po.state.ct.us