## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RYAN WILLIAMS, ET AL.,                    :          Case No. 3:01CV1398 (JBA)

       Plaintiffs,                        :

                                 :

v.                                        :

                                 :

KRISTINE RAGAGLIA, ET AL.,                :

       Defendants.                        :          JULY 26, 2002


TO:    **PLAINTIFFS: Ryan Williams, Trevor Johnson, Nana Oko Darko, Irene Cohen, Alice Hood, Patricia Williamson, Sheneane Ragin, Regina Whilby, Joseph Ovide, Benjamin Ohene, and Francis Miniter, their attorney.**

REGINA WHILBY!S ANSWERS TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO PLAINTIFFS

(A)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the defendants propound the following interrogatories to be answered by each of the plaintiffs. The following instructions and definitions apply to these Interrogatories

A. INSTRUCTIONS

1.    The defendant requests that the plaintiffs answer the following Interrogatories, separately and fully in writing, under oath, within thirty (30) days of service hereof, pu rsuant to P.B. § 13-7.

2.    In answering these Interrogatories, plaintiffs must furnish all information, including hearsay, in the possession of his/her or their attorney, agents, investigators, and all other persons or entities acting on his/her or their behalf, and not merely information within

his/her or their personal knowledge. The plaintiff's answers to these Interrogatories must reflect all information available to he/she as described above.

3.    To the extent that the plaintiffs refuse to answer any of the following Interrogatories based on an objection or the assertion of any type of privilege, he/she must explain the grounds for the assertion of the objection or privilege. The plaintiffs must respond to any Interrogatory to which he/she objects to the extent that his/her response does not conflict with or waive his/her objection or assertion of privilege.

4.    The Interrogatories, which follow, are continuing in nature to the extent that Rule 26 of the federal rules permits. Therefore, the plaintiffs must provide, by way of supplementary answers, such additional information as the plaintiffs or any other person acting on his/her behalf may hereafter obtain which will augment or otherwise modify the answers the plaintiffs now gives to these Interrogatories.

## B.  DEFINITIONS

1.    "Identify" or "identity," when referring to a natural person, means to identify that person sufficiently to enable the defendant to cause him or her to be served with process requiring his or her attendance at a deposition or place of other type of examination. The identification must include his or her full name, present or last known address, present or last telephone number, present or last known business affiliation and address, title or occupation, and each of the positions such person held during the time covered by any answer to these interrogatories referring to such person.

2.    "Identify" or "identity," when referring to a document means to describe it sufficiently to identify it "with reasonable particularity." The identification must include the following information with respect to such document:

2

a)    the author of the document;

b)    the date appearing on the document, and if it has no date the answer must so state and must give the date or approximate date the document was prepared;

c)    the general nature or description of the document;

d)    the name of the person, if any, to whom the document was addressed and the name of each person other than such addressee to whom the document or copies thereof were given or sent, if any; and;

e)    the name and address of the person having present possession, custody or control of the document.

3.    "Document" or "documentation" means the original or copies of any written, recorded or graphic matter, however produced or reproduced, including but not limited to, any book, diary, pamphlet, periodical, letter, correspondence, telegram, invoice, contract, purchase order, estimate, report, memorandum, intra-office communication, working paper, record, study paper, worksheet, estimating sheet, bid, bill, record, timecard, work record, chart, graph, index, computer printout, data sheet, data processing card or tape, recording, transcription thereof, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording, however produced or reproduced, which are in the plaintiff's possession, custody or control, or in the possession, custody, or control of any agent or employee of the plaintiff, or of his attorney.

4.    Where the singular is used with reference to any person, document, or item it must include the plural.

3

## C. INTERROGATORIES

1.    For each plaintiff, state their full name, date of birth, social security number and current residence address. See Definitions, Paragraph 1.

**ANSWER**:

Regina Whilby
2/13/67
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
94 Liberty Street Unit 9
Stamford, CT 06902

2.    For each plaintiff, list each position in state service since 1990, including the state classified job title, dates of service the name of your supervisor.

**ANSWER**:

Long Lane School, Middletown, Connecticut  Supervisor: Martin

Department of Children and Families, Bridgeport, Connecticut 1/28/00 - 3/15/00
Supervisor: Beverly Hubblebank

3.    For each plaintiff, state the DCF region(s) where the alleged discriminatory acts or violations of your rights occurred and identify the particular defendants who alleged committed such acts.

**ANSWER**:

Bridgeport
Beverly Hubblebank, Dorothy Hamilton, Judith Kallen, Mary Solera, Wanda Estrella and Kristine Ragaglia

4

4.    For each plaintiff, provide a detailed factual statement, including dates, times, witnesses, and documents, for each alleged acts of discrimination or violation of your rights that form the basis of this lawsuit as set forth in paragraphs 77-1598 of the plaintiff's Second Amended Complaint.

**ANSWER:**

See attached

5.    For each plaintiff who claims some type of emotional distress or injury that a plaintiff contents was proximately caused by any acts alleged in the Second Amended Complaint, state the name and address of each medical provider (physician, psychologist, licensed social worker, or licensed counselor) from who you sought treatment of any medical condition.

**ANSWER:**

Dr. Falkoff , 922 High Ridge Road, Stamford, CT 06902 (Medical – treated hypertension)
Dr. Manaharon, Stamford, CT (Medical – treated hypertension, sleeplessness and anxiety) (No longer in business)
Dt. Morriss, 325-4665 (Gynecologist – diagnosed high blood pressure)
Maddie Delvalle - 203-593-0427 (therapist)
V_____, Bridgeport, Connecticut (therapist)

6.    provide the name and address of any union official, steward, or union representative that any plaintiff has sought the advice or assistance regarding any allegations in this lawsuit.

**ANSWER**:

Tom Bisch – Union Steward, Bridgeport, Connecticut 203-365-6392
Gary Steward – Union Steward, New Haven, Connecticut

7.    For each plaintiff who claims to have <u>witnessed</u> alleged acts of discrimination by

any of the defendants, for each instance state:

      a.   identify the date of the incident;

      b.   the nature of the discriminatory act(s);

      c.   the defendant who allegedly perpetrated the wrongful conduct; and

      d.   the victim of the alleged wrongful acts.

**ANSWER**:

a) February 2000
b) One of my co-workers (who was also African American) and I asked our
supervisor, Dorothy Hamilton, to sign our timesheets so that we could be paid
overtime.  Ms. Hamilton placed the timesheets in her in-basket and told us she
would get to them later.  As we were leaving, two Caucasian co-workers handed
in their time sheets and Ms. Hamilton signed them "on the spot."
c) Dorothy Hamilton
d) name to be supplied

8.    For each plaintiff, list by individual plaintiff, the names of any of the defendants

that each plaintiff has never directly work for while at DCF.

**ANSWER**:

Debra Collins. Marcia Weaver, James Moore, Gayle Hoffman, Rudolph Brooks,
Ada Sanchez, tara Lewis, Linda Harris, Leticia Lacomba, Patricia Simpson,
Nancy Wilcox, Janet lyons, Bernadette Uluski, and Michael Wood

9.    For each plaintiff, state whether they have ever filed a union grievance regarding any matter? If the answer is yes, please state:

    a.  the date(s) of each grievance;

    b.  the subject matter/nature of each grievance;

    c.  the outcome of each grievance; and

    d.  if you had union representation, the name of the representative that handled each grievance.

**ANSWER:**

No

10.    For each plaintiff, state whether he/she has ever been reprimanded, put on probation, demoted, suspended or terminated from any job OTHER THAN while in state service. If the answer is yes: please state the name of the employer, the dates of employment and the address of the employer.

**ANSWER:**

No

(B)

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND DISCLOSURE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the defendants request that the plaintiffs produce, or allow counsel for the defendant an opportunity to inspect and copy the following:

### INSTRUCTIONS

(a)    Defendant's request includes all documents in the possession, custody, or control of the plaintiffs not already provided to the defendant. If your responses to any request herein are that the documents are not in your possession, custody, or control, explain in detail the unsuccessful efforts made to locate the documents.

(b)    If your response to any request herein is that the documents are not in your possession, custody, or control, identify who has possession, custody, or control of the documents and where they are located.

(c)    State the date each document was written and a descriptive title of each document.

(d)    When a document has been destroyed or is alleged to have been destroyed, state the date of its destruction, the reason for its destruction, identify each person responsible for its destruction, providing his or her name, present position, business and home address, and telephone number.

(e)    If you contend that any document is privileged or otherwise excludable from production and decline to produce it, provide the following information for each document: the present position, business and home address, and telephone number of the author and any address(es); the name, present position, business and home address, and telephone number of

every recipient of the original and any copy of the document; the name, present position, business and home address, and telephone numbers of each person who now has the original or any copy; the nature of the claim of privilege; a general description of the contents of the document being withheld, and the date of the document.

(f)     To the extent that you consider any of the following document requests objectionable, answer or respond to so much of each document request and each part thereof as is not objectionable in your view, and separately state your part of each document request and each part thereof as is not objectionable in your view, and separately state your part of each · document request as to which you raise objection and each ground for each such objection.

(g)     These document request specifications are considered to be continuing in character. You are, therefore, required promptly to produce additional documents as you obtain further or different information or additional responsive documents prior to hearing.

(h)     Concerning documents identified in response to the interrogatories set forth above, all documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

## PRODUCTION AND DISCLOSURE REQUEST

1.     All documents identified in answering or used or relied upon by the plaintiffs in preparing answers to any of the defendants' interrogatories.

**RESPONSE:**

Attached

2.    Any document you intend to offer as an exhibit at trial.

**RESPONSE:**

Attached, to the extent the documents are presently known.

3.    For each plaintiff, all documents that relate to any treatment, examination or consultation that you received in the past ten (10) years from any licensed health care provider.

**RESPONSE:**

None in my possession.

4.    For each plaintiff, all documents that relate to any treatment, examination or consultation that you received in the past five (5) years for any illness, disorder or condition, including but not limited to alcohol abuse, drug abuse or gambling addiction. Provide names, addresses, telephone numbers of any licensed physicians, psychiatrists, psychologists, and/or therapists. This includes but is not limited to office notes, letters to other health care providers, test results, and prescriptions.

**RESPONSE:**

None in my possession.  Names and addresses were disclosed in Interrogatory #5

5.    If any plaintiff is claiming, as lost wage, as an item of damages in this lawsuit, provide copies of the his/her federal and state income tax returns, including all forms and schedules, for the three (3) tax years immediately preceding the tax year in which the alleged injuries were incurred, the tax year in which the alleged injuries were incurred, and the tax year next following that in which the alleged injuries were incurred.

**RESPONSE**:

To be provided

6.    Copies of any documents that bear on the issues raised in paragraphs 77-1598 of the plaintiffs' Second Amended Complaint.

**RESPONSE**:

Attached

7.    All documents that relate to any alleged loss, damage, suffering, injury, distress or harm you sustained relating to or resulting from any of the events or circumstances alleged in your complaint.

**RESPONSE**:

Attached

8.      All notes, diaries, memoranda, conversation transcripts or other writings kept by plaintiffs that relate in any way to issues raised by the allegations in the Second Amended Complaint.

**RESPONSE**:

Objection - work product.  To the extent that these documents are not proveleged, they are provided

9.      Please provide any and all documents identified in response to the interrogatories propounded by the defendant which requests are not specifically enumerated above.

**RESPONSE**:

Attached

                                              DEFENDANTS

                                              RICHARD BLUMENTHAL
                                              ATTORNEY GENERAL

                                          BY:

                                              Joseph A. Jordano (ct 21487)
                                              Assistant Attorney General
                                              55 Elm Street, P.O. Box 120
                                              Hartford, CT 06141-0120
                                              Tel: 860-808-5340
                                              Fax: 860-808-5385

ANSWER TO INTERROGATORY #4

1. On or about January 28, 2000, plaintiff Whilby was employed as a Social Worker Trainee by defendant DCF.

2.    At said time, defendants Hubblebank, Hamilton, Solera, Kallen and Estrella were employed by defendant DCF in various capacities and labor grades.

3.    While a Social Worker Trainee, plaintiff Whilby was required to participate in various training courses. or about March 6, 2000, and again on March 9, 200

4.    Plaintiff Whilby attended training classes in Hartford, Connecticut with seven other Social Worker Trainees under Sharpe's and Desmond's instruction, respectively.

5.    Pursuant to sharpe's and Desmond's directions, plaintiff Whilby and others were required to access various web sites via the internet to learn use of said medium.

6.    During class breaks, said trainees continued to access various web sites, including personal email accounts, with Sharpe and Desmond looking on.

7.    Neither Sharpe nor Desmond instructed plaintiff Whilby or the other trainees that accessing the internet or checking private email accounts was not acceptable pursuant to DCF rules or regulations.

8.    On or about March 13, 2000, plaintiff Whilby attended another training session under the direction of Sharpe.

9.    During class break, said trainees continued to access various web sites, including personal email accounts, with defendant Sharpe looking on.

10.    At this time, for the first time, Sharpe instructed plaintiff Whilby and other trainees that they were not permitted to access the internet while on break.

11.    On March 14, 2000, plaintiff Whilby was ordered to attend a meeting at the DCF

Bridgeport Connecticut office with defendants Hublebank, Hamilton and Kallen.

12.    On said date, plaintiff Whilby was wrongfully terminated from her position for the above-mentioned acts by the above mentioned defendants.

13.    At least two Caucasian Social Worker Trainees who attended the same training programs with plaintiff Whilby, and who conducted the same acts as plaintiff Whilby during class breaks did not have there employment terminated.

14.    Plaintiff Whilby's termination of employment was wrongfully upheld by defendant Solera by letter dated March 16, 2000.

15.    Defendant Estrella wrongfully upheld plaintiff Whilby's termination on about May 5, 2000; plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 20003 et seq. wherein plaintiff filed timely charges with the State of Connecticut Commission on Human Rights and Opportunities (CCHRO) and the Equal Employment Opportunities Commission (EEOC), and plaintiff subsequently received Right to Sue and Release of Jurisdiction Letters from the appropriate authorities, and filed this action in a timely manner as required therein.