UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RYAN WILLIAMS, ET AL., | CASE NO. 3:001CV1398 (JBA) |
| Plaintiffs, | |
| v. | |
| KRISTINE RAGAGLIA, ET AL., | |
| Defendants. | DECEMBER 26, 2002 |

TO:  PLAINTIFFS: Ryan Williams, Trevor Johnson, Nana Oka Darko, Irene Cohen, Alice Hood, Patricia Williamson, Regina Whilby, Joseph Ovide, Benjamin Ohene, and Francis Miniter, their attorney.

REGINA WHILBY' ANSWERS TO
**DEFENDANT'S SECOND SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION TO PLAINTIFFS**

(A)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the defendants propound the following interrogatories to be answered by each of the plaintiffs. The following instructions and definitions apply to these Interrogatories.

A. INSTRUCTIONS

1. The defendant requests that the plaintiffs answer the following Interrogatories, separately and fully in writing, under oath, within thirty (30) days of service hereof, pursuant to P.B. § 13-7.

2. In answering these Interrogatories, plaintiffs must furnish all information, including hearsay, in the possession of his/her or their attorney, agents, investigators, and all other persons or entities acting on his/her or their behalf, and not merely information

within his/her or their personal knowledge. The plaintiff's answers to these Interrogatories must reflect all information available to him/her as described above.

3. To the extent that the plaintiffs refuse to answer any of the following Interrogatories based on an objection or the assertion of any type of privilege, he/she must explain the grounds for the assertion of the objection or privilege. The plaintiffs must respond to any Interrogatory to which he/she objects to the extent that his/her response does not conflict with or waive his/her objection or assertion of privilege.

4. The Interrogatories, which follow, are continuing in nature to the extent that Rule 26 of the federal rules permits. Therefore, the plaintiffs must provide, by way of supplementary answers, such additional information as the plaintiffs or any other person acting on his/her behalf may hereafter obtain which will augment or otherwise modify the answers the plaintiffs now gives to these Interrogatories.

B. DEFINITIONS

1. "Identify" or "identity," when referring to a natural person, means to identify that person sufficiently to enable the defendant to cause him or her to be served with process requiring his or her attendance at a deposition or place of other type of examination. The identification must include his or her full name, present or last known address, present or last telephone number, present or last known business affiliation and address, title or occupation, and each of the positions such person held during the time covered by any answer to these interrogatories referring to such person.

2. "Identify" or "identity," when referring to a document means to describe it sufficiently to identify it "with reasonable particularity." The identification must include the following information with respect to such document:

  a)  the author of the document;

  b)  the date appearing on the document, and if it has no date, the answer must so state and must give the date or approximate date the document was prepared;

  c)  the general nature or description of the document;

  d)  the name of the person, if any, to whom the document was addressed and the name of each person other than such addressee to whom the document or copies thereof were given or sent, if any; and;

  e)  the name and address of the person having present possession, custody or control of the document.

  3.  "Document" or "documentation" means the original or copies of any written, recorded or graphic matter, however produced or reproduced, including but not limited to, any book, diary, pamphlet, periodical, letter, correspondence, telegram, invoice, contract, purchase order, estimate, report, memorandum, intra-office communication, working paper, record, study paper, worksheet, estimating sheet, bid, bill, record, timecard, work record, chart, graph, index, computer printout, data sheet, data processing card or tape, recording, transcription thereof, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording, however produced or reproduced, which are in the plaintiff's possession, custody or control, or in the possession, custody, or control of any agent or employee of the plaintiff, or of his attorney.

4.     Where the singular is used with reference to any person, document, or item it must include the plural.

(B)

## INTERROGATORIES

11.    As to each individual plaintiff in the Third Amended Complaint, set forth each any every specific act of discrimination or adverse treatment, including the date and the specific defendant(s) who allegedly committed the acts described in your complaint.

ANSWER:    See answer to Interrogatory #4

12.    For each plaintiff, list the specific defendants by name, title and work location, who you allege violated your rights or discriminated against you.

ANSWER:    See Answer to Interrogatory #3

4

(C)

# PLAINTIFF'S SECOND REQUEST
# FOR PRODUCTION AND DISCLOSURE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the defendants request that the plaintiffs produce, or allow counsel for the defendant an opportunity to inspect and copy the following:

## INSTRUCTIONS

(a)   Defendant's request includes all documents in the possession, custody, or control of the plaintiffs not already provided to the defendant. If your responses to any request herein are that the documents are not in your possession, custody, or control, explain in detail the unsuccessful efforts made to locate the documents.

(b)   If your response to any request herein is that the documents are not in your possession, custody, or control, identify who has possession, custody, or control of the documents and where they are located.

(c)   State the date each document was written and a descriptive title of each document.

(d)   When a document has been destroyed or is alleged to have been destroyed, state the date of its destruction, the reason for its destruction, identify each person responsible for its destruction, providing his or her name, present position, business and home address, and telephone number.

(e)   If you contend that any document is privileged or otherwise excludable from production and decline to produce it, provide the following information for each document: the present position, business and home address, and telephone number of the author and any address(es); the name, present position, business and home address, and

5

telephone number of every recipient of the original and any copy of the document; the name, present position, business and home address, and telephone numbers of each person who now has the original or any copy; the nature of the claim of privilege; a general description of the contents of the document being withheld, and the date of the document.

(f)   To the extent that you consider any of the following document requests objectionable, answer or respond to so much of each document request and each part thereof as is not objectionable in your view, and separately state your part of each document request and each part thereof as is not objectionable in your view, and separately state your part of each document request as to which you raise objection and each ground for each such objection.

(g)   These document request specifications are considered to be continuing in character. You are, therefore, required promptly to produce additional documents as you obtain further or different information or additional responsive documents prior to hearing.

(h)   Concerning documents identified in response to the interrogatories set forth above, all documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

## PRODUCTION AND DISCLOSURE REQUEST

1. All documents identified in answering or used or relied upon by the plaintiffs in preparing answers to any of the defendants' Second Set of Interrogatories.

**RESPONSE:** See production for First Set of Interrogatories

2. All statistical evidence, documents, reports, memorandum or any type pertaining in any way to the allegations in Count 33 of the Third Amended Complaint.

**RESPONSE:** N/A

3. For each plaintiff, a copy of their federal and state income taxes for the past five years.

**RESPONSE:**

Attached

4. Copies of any written notes, memorandums, journals, computer records, or other documents of any type that support any of the allegations in the plaintiffs' Third Amended Complaint.

**RESPONSE:** See Production for First set of interrogatories

5.  A copy of all medical records for each plaintiff that in any way substantiate any claim for the emotional distress or emotional damages alleged in the Third Amended Complaint.

**RESPONSE:**  Medical Authorizations are attached hereto

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Joseph A. Jordano
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5385

**CERTIFICATION**

The undersigned does hereby certify that on the 26th day December 2002, a true and accurate copy of the forgoing Defendant's Second Set of Interrogatories and Request for Production to Plaintiffs was sent by First Class United States mail to the following:

Francis Miniter, Esq.
Miniter & Associates
147 Charter Oak Ave
Hartford, CT 06106

_____
Joseph A. Jordano
Assistant Attorney General

8

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this 15th day of April, 2003:

Joseph A. Jordano
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____
Christine E. Corriveau