UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN WILLIAMS, ET AL., | : | CASE NO. 3:01CV1398 (JGM) |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| KRISTINE RAGAGLIA, ET AL., | : | |
| *Defendants*. | : | February 25, 2008 |

### DEFENDANTS' SUPPLEMENTAL BRIEF
### PURSUANT TO COURT'S RULING ON FEBRUARY 20, 2008

The defendants Kristine Ragaglia, Beverly Hubblebank, Dorothy Hamilton, Judith Kallen, Mary Solera and Wanda Estrella, through counsel, submit the following supplemental brief regarding Count Twenty Three of the plaintiff's Third Amended Complaint pursuant to the Court's Ruling on February 20, 2008 regarding Regina Whilby (Doc. # 179 at page 23). The defendants apologize for the inadvertent oversight regarding addressing Count Twenty Three.

### THERE IS NO CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS FOR WRONGFUL DISCHARGE

The plaintiff's wrongful discharge claim fails because she does not allege, nor can she prove, that she was employed **by the defendants in their individual capacities**.[1] It is axiomatic that before a person can be wrongfully discharged from employment they must be employed by the defendant(s). See Seipold v. Greenberg, et al, 2001 Conn. Super LEXIS 2183, J.D. New Haven, Docket No. CV000437447 (August 3, 2001; Delvin, J). In the present case, nowhere is it alleged that any of the individual defendants

---

[1] Plaintiff does not alleges that she was wrongfully terminated by DCF. Her only claim against DCF is Count 24 for discrimination under Title VII, which the court has already disposed of on summary judgment.

employed the plaintiff.  In contrast, what the plaintiff actually pleads that she was employed by DCF.

In the Seipold case, the plaintiff personally sued a corporate officer of the Yale-New Haven Ambulatory Service for wrongful termination.  Defendant moved to strike the count because the plaintiff was never employed by the individual defendants.  Addressing the issue the court stated: "Without an employer/employee relationship there can be no wrongful termination by these non-employer defendants as to the plaintiff." Id. at *6.

Similarly, the defendants direct the court to its earlier ruling on the same issue in Irene Cohen v. Ragaglia,  a sub-part of the current matter.  This court in its January 25, 2006 ruling granting summary judgment to the defendants in the matter involving Irene Cohen, stated as follows:

> In Count Twelve of the Third Amended Complaint, plaintiff alleges that defendants Lacomba, Moore and Ragaglia wrongfully terminated plaintiff's employment in violation of public policy as set out in the fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983 (At 21-22).  Defendants correctly contend that Count Twelve fails because plaintiff does allege, nor can she prove, that she was employed by the defendants in their individual capacities, as opposed to their official capacities. (Dkt. # 102, at 17-18).  Rather, plaintiff pleads that she was employed by DCF from 1993 to 2001 (Third Amended Complaint ¶ 5), and any claim made by plaintiff against the defendants in their official capacities must be directed against the state and is subject to the jurisdiction of the Connecticut Claims Commissioner.  Conn. Gen. Stat. § 4-141.  Accordingly, plaintiff's Count Twelve fails as this Count is directed against the individual defendants who have only been sued in their personal capacities.

Williams v. Ragaglia, et al. 2006 U.S. Dist. LEXIS 4148 * 31 (D. Conn. 2006)(copy attached)

Count Twelve in the Cohen case is identical to count Twenty-Three of the Whilby allegations. The only difference is that Whilby alleges that different defendants (Estrella, Hubblebank, Kallen, Solera, Hamilton and Ragaglia) terminated her employment from DCF.

For the above reason, the defendants are entitled to summary judgment on Count 23.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _/s/ Joseph A. Jordano_
Joseph A. Jordano
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5383
E-Mail: Joseph.Jordano@po.state.ct.us
Fed. Bar No. ct21487


**CERTIFICATION**

I hereby certify that on February 25, 2008 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joseph A. Jordano
Joseph A. Jordano (# ct21487)
Assistant Attorney General