IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       :
RYAN WILLIAMS ET AL.                                   :   3:01 CV 1398 (JGM)
                                                       :
v.                                                     :
                                                       :
                                                       :
KRISTINE RAGAGLIA ET AL.                               :
                                                       :   DATE: MARCH 19, 2008
-------------------------------------------------------x
```

<u>SUPPLEMENTAL RULING ON DEFENDANTS' MOTION FOR [PARTIAL] SUMMARY JUDGMENT</u>

On July 25, 2001, plaintiffs commenced this action (Dkt. #1), followed by an Amended Complaint on December 11, 2001 (Dkt. #31), a Second Amended Complaint on June 12, 2002 (Dkt. #40), and a Third Amended Complaint on December 18, 2002 (Dkt. #57). The Third Amended Complaint includes twenty-three counts, alleging violations of the Fourteenth Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1981, and intentional infliction of emotional distress by each of the seven plaintiffs against his or her various supervisors (Counts One to Three – plaintiff Williams,[1] Counts Four to Six — plaintiff Johnson, Counts Ten to Thirteen — plaintiff Cohen,[2] Counts Fourteen to Sixteen – plaintiff Hood,[3] Counts

---

[1] On September 12, 2007, the parties stipulated to the dismissal of plaintiff Williams' claims. (Dkt. #165; <u>see</u> Dkts. ##156, 158).

[2] The additional count (Count Twelve) is for wrongful discharge.

This Court granted summary judgment as to plaintiff Cohen, absent objection, on January 25, 2006. (Dkt. #106). <u>See Williams v. Ragaglia</u>, No. 3:01 CV 1398 (JGM), 2006 WL 197378 (D. Conn. Jan. 25, 2006).

[3] Summary judgment was granted as to plaintiff Hood, absent objection, on February 26, 2007. (Dkt. #143). <u>See Williams v. Ragaglia</u>, No. 3:01 CV 1398 (JGM), 2007 WL 638498 (D. Conn. Feb. 26, 2007).

Seventeen to Nineteen – plaintiff Williamson,[4] Counts Twenty to Twenty-five – plaintiff Whilby,[5] Counts Thirty to Thirty-two – plaintiff Ohene,[6] and lastly Count Thirty-Three, brought under 42 U.S.C. § 1983 by all plaintiffs against all individual defendants).[7]

On March 3, 2003, the parties consented to trial before this Magistrate Judge. (Dkt. #65). The two remaining plaintiffs in the Third Amended Complaint are former employees of the Connecticut Department of Children and Families ["DCF"]; the twenty-one defendants include the DCF and twenty of its supervisors and administrators, including its then Commissioner, Kristine Ragaglia. (Dkt. #57, ¶¶ 3-4).

On February 20, 2008, this Court granted in part Defendants' [Partial] Motion for Summary Judgment (Dkt. #179) with respect to plaintiff Whilby, dismissing Counts Twenty, Twenty-One, Twenty-Two, Twenty-Four and Twenty-Five of plaintiff's Third Amended Complaint ["February 2008 Ruling"], familiarity with which is presumed.[8] As pointed out in the February 2008 Ruling (at 23), defendants did not address Count Twenty-Three, in which plaintiff Whilby asserts a claim for wrongful termination of "plaintiff's employment on account

---

[4]On August 21, 2006, this Court granted summary judgment as to plaintiff Williamson, on consent. (Dkt. #130; see Dkts. ##113-27).

[5]The additional counts (Counts Twenty-three through Twenty-five) are for wrongful discharge, Title VII, and CONN. GEN. STAT. § 46a-60(a)(1) claims against defendant DCF.

[6]This Court granted summary judgment as to plaintiff Ohene, absent objection, on June 24, 2005. (Dkt. #98). See Williams v. Ragaglia, No. 3:01 CV 1398 (JGM), 2005 WL 1502062 (D. Conn. June 24, 2005).

[7]On June 10, 2003, defendants' Motion for Default Judgment against plaintiffs Darko and Ovide was granted (Dkts. ##68-69), thus eliminating Counts Seven to Nine – plaintiff Darko, and Counts Twenty-Six to Twenty-nine – plaintiff Ovide.

[8]On March 11, 2008, plaintiff filed a Motion for Reconsideration (Dkt. #183); the next day, the motion was granted in part to the extent that plaintiff Whilby was ordered to file a brief in support by March 19, 2008, defendants are to file a brief in opposition by March 24, 2008, and plaintiff Whilby is to file a reply brief, if any, by March 27, 2008.

of her race, color and gender in violation of a recognized public policy against said conduct." (Third Amended Compl. at 28-29 & ¶ 718). Accordingly, this Court ordered counsel to file supplemental briefs on this issue – defendants' supplemental brief by March 7, 2008, plaintiff Whilby's brief in opposition by March 17, 2008, and defendants' reply brief, if any, by March 24, 2008. (February 2008 Ruling, at 23). On February 25, 2008, defendants filed their Supplemental Brief Pursuant to [this] Court's Ruling on February 20, 2008. (Dkt. #180).[9] Plaintiff Whilby did not file a brief in opposition.

For the reasons stated below, defendants' Supplemental Motion for Summary Judgment (Dkt. #180) is **granted.**

## I. DISCUSSION

In Count Twenty-Three, plaintiff Whilby asserts a claim for wrongful termination by defendants Beverly Hubblebank, Dorothy Hamilton, Judith Kallen, Mary Solera, Wanda Estrella and Kristine Ragaglia, of "plaintiff's employment on account of her race, color and gender in violation of a recognized public policy against said conduct." (Third Amended Compl. at 28-29 & ¶ 718). As this Court held in its Ruling on Defendants' Motion for [Partial] Summary Judgment as to plaintiff Cohen, filed January 25, 2006, defendants correctly contend that Count Twenty-Three fails because plaintiff does not allege, nor can she prove, that she was employed by the defendants in their individual capacities. Williams v. Ragaglia, No. 3:01 CV 1398(JGM), 2006 U.S. Dist. LEXIS 4148, at *31 (D. Conn. Jan. 25, 2006); see also Dkt. #180, at 1 (footnote omitted). Rather, in this case, plaintiff pleads that she was employed by defendant DCF as a social worker trainee for approximately two

---

[9]Attached to defendants' supplemental brief are copies of case law, including a copy of this Court's ruling with respect to plaintiff Cohen: Williams v. Ragaglia, No. 3:01 CV 1398(JGM), 2006 U.S. Dist. LEXIS 4148 (D. Conn. Jan. 25, 2006).

months, from January 28, 2000 to March 14, 2000. (Third Amendment Complaint ¶¶ 76 & 86-87). Plaintiff erroneously premises her claim against these six individual defendants based on their actions in their official capacities. The claims made by plaintiff against the conduct of defendants in their official capacities must be directed against the state and are subject to the jurisdiction of the Connecticut Claims Commissioner. CONN. GEN. STAT. § 4-141. See Williams, 2006 U.S. Dist. LEXIS 4148, at *31. Accordingly, plaintiff's Count Twenty-Three fails as this count is directed against the individual defendants who have only been sued in their individual capacities.

## II. CONCLUSION

For the reasons stated below, defendants' Supplemental Motion for Summary Judgment (Dkt. #180) is **granted.**

Dated this 19th day of March, 2008, at New Haven, Connecticut.

/s/_____
Joan Glazer Margolis
United States Magistrate Judge